In the Matter of the JANUARY 1967 REPORTS OF THE GRAND JURY OF THE SUPREME COURT, CORTLAND COUNTY.

Supreme Court, Cortland County, February 2, 1967.

*Robert E. Jones, District Attorney.*

ROBERT W. SLOAN, J.    The Grand Jury, impanelled at the January 1967 Term of the Supreme Court, Cortland County, handed up what are identified as Report Part No. 1 and Report Part No. 2.   These and all evidence produced before the Grand Jury which may have either directly or remotely prompted the reports have been examined by the court.

Except for examination of the public prisons and an inquiry into unindicted inmates therein, a grand jury is confined in its power and duty to make inquiry into crime committed or triable in the county, allegedly committed by individuals or public officers.   It has no power beyond this unless granted by Constitution or statute.   (Code Crim. Pro., §§ 245, 253; *Matter of Wood* v. *Hughes*, 11 A D 2d 893, affd. 9 N Y 2d 144.)   Section 253-a of the Code of Criminal Procedure does not enlarge this power of inquiry.   It only provides that if, in the course of an authorized criminal inquiry, facts are developed which reveal noncriminal misconduct, nonfeasance or neglect in office by a public official or employee, or the need for legislative, executive or administrative action in the public interest, the grand jury may, in the first instance, report such misconduct, nonfeasance or neglect in office as the basis of its recommendation of removal or disciplinary action, or, in the second instance, make recommendations based on stated facts found in the evidence before it for action by the bodies or officers mentioned.   When reports are submitted it is required that the court examine the reports and the evidence before the grand jury and receive the report as a public record only if satisfied that it meets the requirements of the statute and is supported by a preponderance of the credible and legally admissible evidence.   A grand jury may not submit a report exonerating a public officer or employee of official wrong unless requested.

Report Part No. 1 may not be considered as a grand jury report " to the court by which it was impanelled ", as authorized by statute.   No vote on its content and submission is found in the minutes of the Grand Jury although a draft was apparently signed by the members who approved its content.   It closes with a direction for delivery to designated public officers and to the local newspapers with the request that it be published in full. There is no authority nor is it proper for the members of a grand jury to issue a press release or any other announcement expressing their personal views and recommendations on any subject; and there is no authority in this court to receive one and give it the dignity and weight of a grand jury report carrying the aura of a judicial pronouncement.

If Report Part No. 1 were to be considered as an effort to recommend legislative action, there was literally no evidence before the Grand Jury on which it could find and formulate stated facts as a basis for its recommendations.

For the reasons above noted, the so-called Report Part No. 1 is ordered sealed.

Report Part No. 2 does not report misconduct, nonfeasance or neglect in office by the public officer named, nor does it recommend or suggest removal or disciplinary action. This is understandable because the evidence before the Grand Jury did not justify any such charge or recommendation. In these respects it does not meet the requirements of the statute (Code Crim. Pro., § 253-a, subd. 1; *People* v. *"John Doe"*, 25 A D 2d 906). If the report is intended to exonerate the public official, it is not authorized because no request was made for its submission.

The recommendations for investigations contained in Report Part No. 2 are not based on stated facts and are not supported by the preponderance of the credible and legally admissible evidence. Report Part No. 2 is ordered sealed in its entirety.

There can be no doubt but that those members of the Grand Jury whose actions made this discussion and these decisions necessary were moved by pure motives and honest intentions. But this is not enough. A grand jury must meticulously observe those provisions of law which define and limit its powers and duties and the procedures it must follow. It did not do so here and this court is required to nullify the results of this failure.