## THIRD DEPARTMENT, MAY, 1974

### (May 2, 1974)

In the Matter of the FIRST REPORT OF THE OCTOBER, 1972 GRAND JURY OF THE SUPREME COURT, ALBANY COUNTY. Public Official Named in the Above-Entitled Report, Appellant; DISTRICT ATTORNEY OF THE COUNTY OF ALBANY, Respondent. In the Matter of the SECOND REPORT OF THE OCTOBER, 1972 GRAND JURY OF THE SUPREME COURT, ALBANY COUNTY. Public Official Named in the Above-Entitled Report, Appellant; DISTRICT ATTORNEY OF THE COUNTY OF ALBANY, Respondent.— Appeals from orders of the Supreme Court, entered February 15, 1973 in Albany County, which accepted Reports No. 1 and No. 2 of the October, 1972 Albany County Supreme Court Grand Jury, and from so much of the orders of said court, entered June 5, 1973, as direct that, upon reconsideration, the original orders are to be adhered to. On November 22, 1972 the Grand Jury of Albany County handed up two reports to the Supreme Court concerning nonfeasance and neglect in public office by public servants recommending that disciplinary action be brought against them by the appropriate authority. These reports culminated an investigation by the Grand Jury into the facts and circumstances surrounding the escape of 12 prisoners from the Albany County Jail in the early evening of October 27, 1972. In due course they were accepted by the court as public records and the orders entered thereon contained appropriate directions as to service of copies of the reports upon the respective public officials and the availability of the Grand Jury minutes for inspection by these same officials prior to their filing of answers (CPL 190.85, subd. 3). Upon these appeals, appellants seek a reversal of the orders of the trial court and a direction that the reports be sealed contending that (1) the court did not consider additional facts which were not before the Grand Jury but contained in the answers filed by the appellants and which would, if so considered, result in the reports being sealed, and (2) that the reports lack sufficient legally admissible evidence to support their conclusions since the District Attorney failed to present vital evidence then available and further failed to render proper legal instructions to the Grand Jury. Considering these contentions in inverse order, it is clear from an examination of the minutes of the Grand Jury that findings numbered 3, 6 and 8 are not supported by the preponderance of evidence and must be redacted from each report. It is equally clear that the District Attorney properly instructed the Grand Jury in the performance of its duties, and it was fully aware that any additional legal advice was available upon request, and, in fact, it actively sought advice from time to time. However, the primary issue presented for determination is what effect and consideration should be given to the answers filed by the public officials in question. CPL 190.85 (subd. 3) provides in part as follows: " Such public servant may file with the clerk of the court an answer to such report, not later than twenty days after service of the order and report upon him. Such an answer shall plainly and concisely state the facts and law constituting the defense of the public servant to the charges in said report, and, except for those parts

of the answer which the court may determine to be scandalously or prejudicially and unnecessarily inserted therein, shall become an appendix to the report." The solution rests in the words of the statute. It states that the answer "shall become an appendix to the report". Such an "answer" does not create issues in the context of a pleading. It merely furnishes additional information not before the Grand Jury which attempts to refute the charges against those named in the reports. These answers do not precipitate an adversary proceeding; they merely provide further assistance to the court in rendering its decision whether or not to accept the reports for filing (*Matter of Second Report of Nov., 1968 Grand Jury of County of Erie*, 26 N Y 2d 200; *Matter of Talerico*, 34 A D 2d 553). Accordingly, since the Grand Jury possessed the statutory power to conduct its investigation and submit its reports to the court, under those same statutory provisions and for the further reasons stated herein, the reports should be accepted for filing subject, however, to the limitations imposed by this decision (CPL 190.55, 190.85, 190.90). Orders modified, on the law and the facts, by striking therefrom the findings numbered 3, 6 and 8 in each report, and, as so modified, affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.