■ FLAG REALTY COMPANY, INC., Respondent, v MARY A. PISCIOTTI, Also Known as MARY A. VASILE, Appellant.—Judgment unanimously reversed, on the facts, and a new trial granted, with costs to abide the event, unless the plaintiff shall, within 10 days, stipulate to reduce the verdict by the sum of $5,875, as of the date of the rendition thereof, in which event the judgment is modified accordingly and as modified affirmed, without costs. Memorandum: Defendant Pisciotti appeals from a judgment of Supreme Court in the amount of $40,359.64 rendered upon a jury verdict in favor of plaintiff, Flag Realty Company, against her in the sum of $33,065.06. The action was one for breach of a construction contract. Plaintiff claims that the building was complete and ready for delivery on December 31, yet he concedes and the record demonstrates that at that time the building lacked

heat, running water, sanitary facilities and required refrigeration equipment. Prior to the completion of these items, a portion of the roof blew off. Since plaintiff had an obligation to deliver a complete building including its roof, we believe that plaintiff's claim should be reduced by the amount plaintiff conceded was the cost to repair the roof at that time, i.e. $4,500. We recognize that defendant later repaired the roof at a cost of $11,283. This work was postponed by defendant, however, until May and at that time defendant chose to install an entire new roof. The jury awarded plaintiff the full contract price even though it conceded that $775 worth of contractual obligations had not been performed. Such a finding is contrary to law *(Gem Drywall Corp. v Scialdo & Sons,* 42 AD2d 1045, affd 35 NY2d 781). Further, the jury's finding that plaintiff was entitled to $600 for architect plans and a building permit as a custom of the trade was not substantiated by the facts in the record. There was no proof that defendant was actually aware of such custom or that its existence is so generally known that a person of ordinary prudence, in the exercise of reasonable care, would be aware of it *(Walls v Bailey,* 49 NY 464; *Heimerdinger v Schnitzler,* 231 App Div 649). We conclude, therefore, that the jury award should be reduced by the sum of $5,875 representing the amount of these three items improperly awarded plaintiff. The issues respecting extra work and late performance were properly presented to the jury. Since no exception was taken to the court's charge we see no reason to disturb the jury's findings on these issues. (Appeal from judgment of Cayuga Supreme Court in action on construction contract.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.