■ In the Matter of the REPORT OF THE MARCH 1975 GRAND JURY OF THE SUPREME COURT OF ULSTER COUNTY. TWO PUBLIC OFFICIALS Named in the Above-Entitled Report, Appellants. FRANCIS J. VOGT, as District Attorney of the County of Ulster, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 7, 1975 in Ulster County, which accepted the report of the March 1975 Ulster County Grand Jury. Pursuant to CPL 190.85, the Grand Jury of Ulster County filed a report with the Supreme Court charging the appellants herein with "misconduct, non-feasance or neglect in public office" (CPL 190.85, subd [1], par [a]). Upon these appeals, appellants seek a reversal of the order of the Special Term and a direction that the report be sealed contending that (1) the report was not based on a preponderance of the evidence; (2) the actions of the officers did not constitute "misconduct, non-feasance or neglect" within the meaning of the statute (CPL 190.85, subd [1], par [a]); and (3) the procedures employed under the statute are violative of their due process rights. The Grand Jury report is divided into two sections, the first entitled "Findings of Fact", and the second "Recommendations". The second section also contains findings of fact. The record clearly indicates that the findings are based on a preponderance of the evidence. On the basis of the facts found, the Grand Jury found, *inter alia,* that the officers had engaged in unprofessional conduct and that their judgment, behavior, and actions on the night in question were unprofessional and incompetent. It is clear that the conduct of the officers, while evidencing the exercise of poor judgment also constituted "misconduct, non-feasance or neglect" within the meaning of the statute. Appellants finally challenge the report claiming that the order accepting it denied them due process. They contend (a) that the statute allows the court to file the report prior to receipt of any response of the public officer and (b) that they should be allowed to confront the witnesses and to be represented by counsel. The statute provides that the Grand Jury report, after being accepted by the court shall remain sealed for 31 days following the service of a copy of the report on the public servants, and that the answer must be filed within 20 days after such service. Thus, the court is given at least 11 days after receipt of the answer to consider whether the report should be made public. This court has held that the answer may serve to "provide further assistance to the court in rendering its decision whether or not to accept the reports for filing." *(Matter of First Report of October 1972 Grand Jury of Supreme Ct., Albany County,* 44 AD2d 855, 856, app dsmd 34 NY2d 915). It thus appears that the thrust of the appellants' argument that their answer is not considered by the court, is without merit.

Further, a person has no constitutional right to be present before the Grand Jury when that body hears testimony concerning the matter under investigation; or to have his counsel present when he testifies before the Grand Jury; or to cross-examine, in person or by his attorney, other witnesses who testify *(People v Ianniello,* 21 NY2d 418, cert den 393 US 827; see *Matter of Second Report of November 1968 Grand Jury of County of Erie,* 26 NY2d 200). Although the appellants do not raise the issue, it appears that the Grand Jury exceeded its statutory authority in recommending a minimum disciplinary action. In *Matter of Roe* (46 AD2d 723) it was held that such a recommendation was beyond the scope of authority granted to the Grand Jury under CPL 190.85. Accordingly, the specific minimum disciplinary recommendation contained in the subject report herein must be deleted and forever sealed. Order modified, on the law and the facts, by striking from the report and forever sealing the second sentence under the heading "Recommendations" and, as so modified, affirmed. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.