In the Matter of the REPORT OF THE SPECIAL GRAND JURY OF THE COUNTY OF MONROE EMPANELLED ON FEBRUARY 14, 1978. FIVE EMPLOYEES NAMED IN THE ABOVE-ENTITLED REPORT, Appellants; DISTRICT ATTORNEY OF THE COUNTY OF MONROE, Respondent.

Fourth Department, November 13, 1980

## APPEARANCES OF COUNSEL

*Fiesinger, Rose & Fiesinger (G. Gerald Fiesinger* of counsel), for appellant in Appeal No. 1.

*Alfred P. Kremer* for appellants in Appeals Nos. 2 and 3.

*Charles F. Crimi* for appellant in Appeal No. 4.

*Harter, Secrest & Emery (Thomas Smith* of counsel), for appellant in Appeal No. 5.

*Lawrence T. Kurlander, District Attorney (David Pogue* of counsel), for respondent.

**OPINION OF THE COURT**

SIMONS, J. P.

■ These five appeals are brought pursuant to CPL 190.90. They present questions concerning the procedures followed by the Special Grand Jury empanelled to investigate the handling of child abuse cases by the Monroe County Department of Social Services and the sufficiency of the evidence to support the Grand Jury's recommendations that appellants, employees of the department, be disciplined or removed from office.

The Grand Jury was empanelled in 1978 to investigate the Department of Social Services as the result of public concern following the deaths of several children. The inquiry was centered primarily on reports of suspected child abuse and the manner in which the department's Child Protective Unit accepted, registered, and investigated such complaints and prosecuted abusers (see, generally, Social Services Law, § 411 *et seq.).* After hearing over 5,500 pages of testimony by 140 witnesses from the department and from schools, hospitals, law enforcement and similar agencies, the Grand Jury issued one general report, without naming any individuals (see CPL 190.85, subd 1, par [c]), and several individual reports recommending that named employees of the Monroe County Department of Social Services be disciplined or removed (see CPL 190.85, subd 1, par [a]). Appellants are among those whom the Grand Jury identified for discipline or removal. County Court accepted the reports for filing but ordered them sealed pending the outcome of appeals. It granted each appellant an opportunity to examine the Grand Jury minutes and file an answer and, after receipt of the answers, the court reconsidered its order accepting the reports and adhered to its original decision. By its statements upon reconsideration, it suggested, at least to these appellants, that the court was without power to review the answers or to reverse its previous decision to make the reports public. For reasons which follow, the reports must be sealed.

The rules governing Grand Jury reports are set forth in the Criminal Procedure Law (CPL 190.85) and have been interpreted frequently by the courts. A report alleging misconduct, nonfeasance or neglect in public office can be accepted by a

court for filing only if it is based upon facts supported by a preponderance of credible and legally admissible evidence (CPL 190.85, subd 2, par [a]; *Matter of Report of Monroe County Grand Jury for Feb. 1978 Term,* 70 AD2d 778), and only if each person named therein has been afforded an opportunity to testify before the Grand Jury issuing the report' (CPL 190.85, subd 2, par [b]). A named person may file an answer setting forth any defense to the charges in the report and before preparing the answer he is entitled to examine the Grand Jury minutes upon which the report is based (CPL 190.85, subd 3; *Matter of Second Report of Nov. 1968 Grand Jury of County of Erie,* 26 NY2d 200, 204-205). The purpose of the answer is to assist the court in deciding whether the report should be accepted for filing. It may include additional facts which were not before the Grand Jury and the court should reconsider its decision to accept a report in light of any defense presented *(Matter of Report of March 1975 Grand Jury of Supreme Ct. of Ulster County,* 53 AD2d 724; *Matter of First Report of Oct. 1972 Grand Jury of Supreme Ct., Albany County,* 44 AD2d 855, 856).

Appellants contend also that witnesses must be advised of their "target" status prior to appearing before the Grand Jury. They claim that since neither the District Attorney nor the Grand Jury did so here, their due process rights were denied and they were prevented from testifying in any meaningful sense. A Grand Jury, however, is an investigatory body *(People v Calbud, Inc.,* 49 NY2d 389, 394; and see *People v Tyler,* 46 NY2d 251, 258-259). Its proceedings are not intended to determine guilt or innocence but to determine who shall be charged *(United States v Calandra,* 414 US 338, 343-344; *Hale v Henkel,* 201 US 43, 65-66). It is at the *end* of the proceeding that the identity of the "target" and nature of the offenses become apparent, not at the outset. Thus, it is not practical or necessary in this type of broad investigative proceeding to advise witnesses that they are potential "targets" or to recall them once their status becomes apparent. There must be an objective, fair presentation of the evidence before the Grand Jury with no deliberate curtailment of contrary views or explanations, but generally the requirement of due process is satisfied in report proceedings by the statute's guarantee of the right to submit an answer to the charges and the right to judicial review (see *Matter of Second Report of Nov. 1968 Grand Jury of County of Erie, supra,* p 204; and cf. *Matter of*

*Wood v Hughes,* 9 NY2d 144, 156). To that end, County Court was required to give careful consideration to the reports, the record and appellants' answers before finally deciding to accept the reports for filing but whether it failed to appreciate the function of the answers or not is irrelevant in this appeal because we have reviewed the entire record.

The reports must be sealed, however, because of certain procedural irregularities and because of the insufficiency of the evidence.

First, the instructions to the jury were inadequate. The Grand Jury must be instructed on its duties and on the substance of the matters before it and although the statute does not expressly provide it, if a Grand Jury issues a report without receiving proper instructions, the report should be sealed. The instructions need not be as comprehensive or specific as a Judge's instructions to a petit jury, but the jury must be given a statement of the law that is adequate to guide it on the issues under consideration *(People v Calbud, Inc.,* 49 NY2d 389, 394-395, *supra).* By statute the District Attorney and the court are responsible for instructing the Grand Jury on the law, and it may not receive legal advice from any other source (CPL 190.25, subd 6; *People v Di Falco,* 44 NY2d 482, 486-487; *Matter of Hynes v Moskowitz,* 44 NY2d 383, 396). In this case, the presenting District Attorney did not provide understandable instructions to the Grand Jury on the several legal matters for their consideration before a report was issued and she compounded the error by advising them that they might direct their legal questions to various witnesses appearing before them.

Second, it appears that the Grand Jury selected subcommittees to prepare reports in each case to be reviewed and voted upon by the Grand Jury as a whole. Proper procedures, however, require that all members of the Grand Jury vote on whether they intend to issue reports and, if so, what kind. That done, they should be instructed further on the law underlying the charges so that they can decide the substantive aspects of their report. Only then can the jury permissibly organize itself into subcommittees to draft the reports (see *Matter of Report of Sept. 1976 Grand Jury No. II,* 75 AD2d 648). The distinction is one between a decision reached by the Grand Jury as a whole and a decision reached by a subcommittee, later ratified by the Grand Jury.

One additional matter requires comment. It occurred while

one of the appellants, an intake supervisor charged with failing to warn or discipline a subordinate who had failed to accept telephone reports of suspected child abuse, was testifying. Suffice it to say, the record does not contain credible evidence that the supervisor knew or should have known of any alleged misconduct by the subordinate. The charge against her, however, may well have been precipitated by an incident involving one of the grand jurors. During the supervisor's testimony, the juror asked her a series of questions concerning the proper response by intake workers to calls from an "ordinary citizen". When the witness testified that such reports would be accepted, and detailed the procedure for handling them, the juror responded by stating that "I reported such a case myself and was told [by the caseworker that] it was too old, too vague". The incident the juror spoke of involved a suspected case of child abuse told to her six months before her call to intake. The witness had no knowledge of the juror's call or the caseworker's response to it, but the juror became an unsworn witness against the supervisor on the past failure of department employees to accept citizen reports of suspected abuse. Certainly that juror's judgment, and probably the judgment of the jury generally, was influenced by this personal experience as much as it was influenced by evidence properly before the jury. The juror should not have participated in the deliberations in the cases involving the supervisor or the caseworker and the other jurors should have been advised to disregard the juror's statements.

Furthermore, the reports must be sealed because the evidence was insufficient. Reports recommending the discipline or removal of a public servant must be supported by a "preponderance of the credible and legally admissible evidence" establishing misconduct associated with the performance or nonperformance of public office (CPL 190.85, subd 2, par [a]; see *Matter of Report of Sept. 1968 Monroe County Supreme Ct. Grand Jury,* 32 AD2d 221). The evidence in this record fails to do so. In view of that result, it will not do to set forth the facts in the several appeals with particularity. The Grand Jury accused employees of the department with neglecting their statutory duties to process child abuse reports and failing to prosecute neglect cases which developed from them. Some of the charges against these appellants were contradicted by the evidence, however, and the evidence with respect to some charges was too general to attribute fault to the particular

employee charged. In still other instances, appellants' were held to standards of conduct that were not established by statute, rule or departmental policy, or they were criticized for wrongdoing in making decisions which clearly involved matters of judgment. While we share the jury's deep concern for the problem of child abuse and the necessity for prompt efficient action by all involved agencies to prevent it, we do not find the specific charges preferred against these appellants supported by a preponderance of the evidence.

The orders of the County Court should be reversed and the reports should be sealed.

HANCOCK, JR., CALLAHAN, DOERR and MOULE, JJ., concur.

Order unanimously reversed, without costs and report sealed.