■ In the Matter of the REPORT (DESIGNATED A) OF THE JANUARY III SPECIAL GRAND JURY FOR THE JANUARY 1979 TERM, SUFFOLK COUNTY. — Appeal by a public servant from an order of the Supreme Court, Suffolk County, dated August 30, 1979, and modified by a further order of the same court, dated November 15, 1979, which, *inter alia,* (1) accepted a report designated "A" of the "January III Special Grand Jury" of Suffolk County, submitted to that court on June 19, 1979 and (2) provided that the report be sealed and not filed as a public record until 31 days after service of copies of the said order and the report upon the public servant. Order, as modified, reversed, on the law, without costs or disbursements, and the public servant's motion for an order sealing the report is granted; the report shall be sealed in its entirety and not be filed as a public record (see CPL 190.85). Preliminarily, we observe that Criminal Term erred in granting the public servant's motion to inspect the Special Grand Jury minutes only to the extent of permitting the public servant to inspect his own testimony. The public servant was entitled to inspect the minutes of the Special Grand Jury which were relevant to the report issued with respect to the public servant, particularly since the People had consented to the public servant's inspection of "that

portion of the Grand Jury minutes pertaining to the acts of misconduct, non-feasance or neglect committed by [the public servant]" (see *Matter of Second Report of November, 1968 Grand Jury of County of Erie*, 26 NY2d 200, 204).[*] Because of the erroneous denial of much of the motion to inspect, the public servant was unable to intelligently prepare an answer to the report or effectively appeal its acceptance. Such an error ordinarily requires, at least, that the public servant be afforded an opportunity to file a supplemental answer after inspecting the relevant portions of the minutes, with the possibility that the court may wish to reconsider its decision to accept the report for filing in light of the contents of that answer (see *Matter of Second Report of November, 1968 Grand Jury of County of Erie, supra,* p 205, n 2; *Matter of First Report of October, 1972 Grand Jury of Supreme Ct., Albany County,* 44 AD2d 855, 856). However, remand for such a procedure is unnecessary in this case since our review of the record convinces us that the report must be sealed in any event. Sealing is required because the report is not "supported by the preponderance of the credible and legally admissible evidence" (see CPL 190.85, subd 2, par [a]). The report concludes that, because of what were found to be the duties and responsibilities of the public servant, the public servant either knew of certain alleged improprieties or was neglectful because he failed to ascertain that they had occurred. However, there was insufficient proof that the public servant was actually possessed of the duties and responsibilities attributed to the public servant by the Special Grand Jury (see *Matter of March 1975 Monroe County Grand Jury Report,* 52 AD2d 745, 746). Moreover, the manner in which the Special Grand Jury arrived at and submitted its report was improper and prejudicial and provides an independent basis for sealing the report. More specifically, the Special Grand Jury was presented with a draft report recommending the discipline and removal of the public servant before it had even voted to issue a report of that nature. Nor was the Special Grand Jury given any charge at all with respect to the substantive aspects of the public servant's duties (see *Matter of Report of Special Grand Jury of County of Monroe Empanelled Feb. 14, 1978,* 77 AD2d 199; *Matter of Report of Sept., 1976 Grand Jury No. II,* 75 AD2d 648). Finally, the record does not show that 12 grand jurors voted in favor of the report, as required (see *Matter of Reports of Nassau County Grand Jury for April 1975 Term,* 87 Misc 2d 453, 464). Accordingly, the report must be sealed and may not be filed as a public record. Damiani, J. P., Gibbons, Margett and O'Connor, JJ., concur.

* We assume that Criminal Term did not determine that the minutes contain matter that must be kept confidential or determine that their disclosure would be inimical to the public interest, because, if it had, it would then have been required to reject and seal the report (see *Matter of Second Report of November, 1968 Grand Jury of County of Erie,* 26 NY2d 200, 204).