█ In the Matter of the REPORTS OF THE GRAND JURY OF THE COUNTY OF MONT-GOMERY IMPANELED ON APRIL 30, 1979. HOWARD M. AISON, as District Attorney of Montgomery County, Respondent-Appellant; TWO PUBLIC OFFICIALS

NAMED IN THE ABOVE-ENTITLED REPORT, Appellants-Respondents. — Cross appeals from an order of the Supreme Court (Cerrito, J.), entered April 20, 1981 in Montgomery County, which, *inter alia,* denied a motion to permanently seal the report of the April 30, 1979 Grand Jury of Montgomery County, but granted inspection of the entire Grand Jury minutes and exhibits. As a result of its investigation of illegal gambling and official corruption in Montgomery County, the Grand Jury of that county for the April, 1979 term of the Supreme Court, submitted a report on December 7, 1979, in which it recommended the removal of three public servants from office by reason of misconduct, nonfeasance or neglect in performing their official duties. Prior to any judicial determination concerning the report, one of the officials named therein resigned. The Justice presiding over the Grand Jury term ruled that although the report was supported by a preponderance of the credible evidence, the Grand Jury could not censure a person who was no longer a public servant, and, therefore, accepted the report, but only upon the condition that all references to the resigned official be deleted. The court specifically delineated the paragraphs and pages of the report to be redacted. On appeal, we affirmed that ruling (*Matter of Report of April 1979 Grand Jury of Montgomery County,* 80 AD2d 654). On the same day the order of affirmance was received, the Grand Jury reconvened and voted to delete those portions of the report required under the prior order, and a redacted report was served upon the attorneys for appellants, the remaining two public servants named in the report. Appellants' motion to seal the report permanently and to discharge the Grand Jury was denied, subject to their right to inspect the entire Grand Jury minutes and exhibits, and it is the order to that effect which is the subject of these cross appeals. Contrary to appellants' contentions, the Grand Jury's decision to appeal from, rather than initially comply with, the order of redaction did not constitute an irrevocable election to conclude its work on the basis of the final determination of its appeal from that order. The Justice presiding over the Grand Jury term granted successive orders extending the life of the Grand Jury, the last of which was to a specific date beyond that when the Grand Jury reconvened and submitted its redacted report. The orders of extension, like an order impaneling a Grand Jury, enjoy a presumption of regularity which appellants have not overcome (see *Matter of L & S Hosp. & Institutional Supplies Co. v Hynes,* 84 Misc 2d 431, affd 51 AD2d 515). It was not unreasonable for the impaneling Justice to have determined, based upon the appropriate applications by the Grand Jury foreman and District Attorney, that the Grand Jury's business concerning this investigation was not finally completed until it had an opportunity to act in response to the determination of the appeal and to have extended the life of the Grand Jury for that purpose. Having properly been extended, the Grand Jury was competent to take any action authorized by law, including even returning an indictment concerning a matter unrelated to its original investigation (*People v Stern,* 3 NY2d 658). Certainly, therefore, it was competent to make the redactions in compliance with the prior order and to submit the revised report. Any technical irregularities in the manner of the final submission of the report did not affect any substantial rights of appellants. Consequently, the court was correct in denying appellants' motion to permanently seal the Grand Jury report. However, the order appealed from was overly broad in granting appellants the right to inspect the entire Grand Jury minutes and exhibits. At least a part of the investigation was directed toward the conduct of the public servant who resigned and who was no longer the subject of the report. In view of the general statutory policy of secrecy of Grand Jury proceedings (CPL 190.25, subd 4), we think that appellants' right to examine the evidence in order to prepare their

answer to the charges contained in the report is sufficiently protected by limiting disclosure to the portion of the minutes and exhibits related to them. As stated in *Matter of Second Report of November, 1968 Grand Jury of County of Erie* (26 NY2d 200, 204): "The demands of due process, a regard for fundamental fairness, dictated that the evidence before the grand jury *relating to the appellants* should have been made available to them * * * before they were required to file their answers" (emphasis added). The order should, therefore, be modified to restrict the appellants' right to the inspection of the Grand Jury minutes and exhibits solely to the portions related to the charges against them in the report and, as so modified, affirmed. Order modified, on the law and the facts, by limiting appellants' right to inspect the Grand Jury minutes and exhibits to the portions thereof relating to the charges in the Grand Jury's report against them, and matter remitted for further proceedings in accordance herewith, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.