In the Matter of the JUNE 1982 GRAND JURY OF THE SUPREME COURT OF RENSSELAER COUNTY. DISTRICT ATTORNEY OF THE COUNTY OF RENSSELAER, Respondent; PUBLIC OFFICIAL NAMED IN THE ABOVE-ENTITLED REPORT, Appellant.

Third Department, December 30, 1983

APPEARANCES OF COUNSEL

*McGovern, Kehoe, Mitchell & Kelleher* (*Thomas A. Mitchell* of counsel), for appellant.

*Charles J. Wilcox, District Attorney* (*Richard L. Nabozny* of counsel), for respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

The June, 1982 Grand Jury of the Supreme Court of Rensselaer County, pursuant to CPL 190.85 (subd 1, par [a]), filed a report dated September 1, 1982 with the Supreme Court recommending removal from office of a public servant for misconduct, nonfeasance or neglect in public office. On this appeal, the public servant asks that the report, which has been sealed pending this appeal, be forever sealed. The public official contends that, *inter alia,* (1) the Grand Jury report is based on insufficient evidence,

(2) the District Attorney did not give the Grand Jury proper instructions, and (3) the Grand Jury did not follow proper voting and report compilation procedures.

Although a reading of the Grand Jury minutes discloses the factual findings in the report are, as required, supported by a preponderance of the credible and legally admissible evidence (cf. *Matter of March 1975 Grand Jury of Supreme Ct. of Ulster County* [*Vogt*], 53 AD2d 724), nevertheless, because of various procedural irregularities, the report must remain sealed. Initially, we note that the District Attorney failed to provide the Grand Jury with adequate instructions (*Matter of Report of Special Grand Jury of County of Monroe Empanelled Feb. 14, 1978,* 77 AD2d 199, 202). The Grand Jury was not advised as to what duties and responsibilities were attributable to this public servant (*Matter of Report* [*Designated A*] *of Jan. III Special Grand Jury for Jan. 1979 Term, Suffolk County,* 81 AD2d 639, 640). Without a charge as to the substantive aspects of the official's duties, it was not only impossible for the Grand Jury to determine that the public servant was guilty of misconduct, nonfeasance or neglect, but impermissible as well, for it allowed the Grand Jury to simply substitute its judgment for that of the public servant. Additionally, the Grand Jury was not made aware of the law bearing on the burden of proof. The absence of this essential instruction left the Grand Jury without "a statement of the law * * * adequate to guide it on the issues under consideration" (*Matter of Report of Special Grand Jury of County of Monroe Empanelled Feb. 14, 1978, supra,* p 202).

Beyond that, it is the responsibility of the Grand Jury, not the District Attorney, to formulate reports (CPL 190.85; *Matter of Report of Sept. 1976 Grand Jury No. II,* 75 AD2d 648, 649) and the origin of this report is not ascertainable. No detailed record exists as to how the report was actually prepared and, although the Grand Jury last met on August 18, 1982 and voted for the statutorily required conclusion of misconduct, nonfeasance or neglect, it is not at all clear that it ever approved the actual content of this September 1, 1982 report (see *Matter of Nassau County Grand Jury April Term,* 87 Misc 2d 453, 463; *Matter of*

*January 1967 Reports of Grand Jury of Supreme Ct., Cortland County,* 52 Misc 2d 895). Statutes governing the Grand Jury process should be strictly construed and compliance therewith meticulously observed (*Matter of January 1967 Reports of Grand Jury of Supreme Ct., Cortland County, supra,* p 897). Accordingly, the report must be sealed and may not be filed as a public record.

The order should be modified, on the law, without costs, by directing that the report dated September 1, 1982 of the June, 1982 Grand Jury of the Supreme Court of Rensselaer County be forever sealed and not filed as a public record, and, as so modified, affirmed.

KANE, J. P., CASEY, WEISS and LEVINE, JJ., concur.

Order modified, on the law, without costs, by directing that the report dated September 1, 1982 of the June 1982 Grand Jury of the Supreme Court of Rensselaer County be forever sealed and not filed as a public record, and, as so modified, affirmed.