■ In the Matter of the REPORTS OF THE GRAND JURY OF THE COUNTY OF MONTGOMERY IMPANELED ON APRIL 30, 1979. HOWARD M. AISON, as District Attorney of Montgomery County, Respondent; TWO PUBLIC OFFICIALS NAMED IN THE ABOVE-ENTITLED REPORT, Appellants. — Appeal from an order of the Supreme Court (Cerrito, J.), entered March 4, 1983 in Montgomery County, which directed that the redacted second report of the Grand Jury of the Supreme Court of Montgomery County impaneled April 30, 1979 be accepted and filed as a public record. ¶ On December 7, 1979, a Grand Jury of the Supreme Court of Montgomery County filed a report pursuant to CPL 190.85 (subd 1, par [a]) recommending the removal of three public officials for misconduct, nonfeasance or neglect in the performance of their official duties. One of the officials has resigned. Initially, this court affirmed the ruling of the Justice who impaneled the Grand Jury that the acceptance of the report be conditioned on the deletion of all references to that official (*Matter of April 1979 Grand Jury of Montgomery County,* 80 AD2d 654). When the redacted report was served upon the attorneys for the two remaining officials, they moved for its permanent sealing, subject to the right to inspect the Grand Jury minutes and exhibits. The impaneling Justice denied the motion to permanently seal the report, but granted the inspection of the minutes and exhibits. On appeal from that order, this court modified by restricting appellants' right to inspect only those portions of the minutes relating to the charges against them and remitted the matter for further proceedings (*Matter of Grand Jury of County of Montgomery Impaneled on April 30, 1979,* 88 AD2d 1054). After the two remaining officials had filed their answers (CPL 190.85, subd 3), the Justice presiding over that Grand Jury term reconsidered the report in the light of the answers and ordered that it be filed as a public record. The two officials have appealed that determination to this court. ¶ We are constrained to modify the order appealed from to the extent of permanently sealing the report based upon the failure of the prosecutor to properly instruct the Grand Jury on the burden of proof and the duties and responsibilities attributable to these officials. In regard to the duties and responsibilities, it was not only impossible for the Grand Jury to determine that the officials were guilty of misconduct, nonfeasance or neglect without being charged what the appropriate objective standards of the offices were, but the Grand Jury was permitted to substitute its judgment for that of the public officials (see *Matter of June 1982 Grand Jury of Supreme Ct. of Rensselaer County,* 98 AD2d 284). The relevant statutory rules governing appellants' duties and responsibilities were not read to the Grand Jury until after it had decided to issue a report on appellants' misconduct. ¶ As to the lack of instruction on the burden of proof, we find that the Grand Jury was not made aware of the law bearing on the burden of proof (*id.*). The Grand Jury should have been instructed that the burden of guilt never shifts from the People and that even if, after analyzing the evidence given on behalf of defendant, the jury came to the conclusion that it was false, no inference of guilt could be drawn from the jury's disbelief (*People v Tucker,* 101 Misc 2d 660, 663). As we held in *Matter of June 1982 Grand Jury of Supreme Ct. of Rensselaer County* (*supra,* p 285), the absence of these essential instructions left the Grand Jury without " 'a statement of the law * * * adequate to guide it on the issues under consideration' (*Matter of Report of Special Grand Jury of County of Monroe Empanelled Feb. 14, 1978* [77 AD2d 199], p 202)." ¶ For these reasons, the report herein should be permanently sealed. We have examined the other errors urged by appellants, including the alleged violations of subdivision 4 of section 75 of the Civil Service Law, and find them meritless. ¶ Order modified, on the law, without costs, by directing that the second report dated February 20, 1981 of the Grand Jury of the Supreme Court of Montgomery County impaneled April 30, 1979 be

forever sealed and not filed as a public record, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.