■ In the Matter of the REPORT OF THE SPECIAL GRAND JURY OF THE COUNTY OF NASSAU, NEW YORK, PANEL 3, SECOND TERM, 1982. — Appeal from an order of the County Court, Nassau County (Santagata, J.), dated April 7, 1983, and so much of a further order of the same court dated July 8, 1983, as directed that the Report of the Grand Jury Panel 3, Second Term, 1982, be filed as a public record. ¶ Order dated April 7, 1983 reversed and order dated July 8, 1983, reversed, insofar as appealed from, on the law, without costs or disbursements, and it is directed that the report be sealed. ¶ The court was correct in determining that the report in question was supported by a preponderance of the credible and legally admissible evidence presented to the Grand Jury. However, the report must be sealed because the instructions given to the Grand Jury were inadequate. It is true that a Grand Jury need not be given instructions as complete or comprehensive as a petit jury, but it must be given some statement of the law adequate to guide it (see, e.g., *People v Valles,* 62 NY2d 36; *Matter of Special Grand Jury of County of Monroe Empanelled Feb. 14, 1978,* 77 AD2d 199). Providing the Grand Jury with copies of CPL article 190 pursuant to CPL 190.20 (subd 5) is not sufficient where, as here, they were never given any instruction on the standard of proof to be applied in weighing the evidence (see *Matter of Special Grand Jury of County of Monroe Empanelled Feb. 14, 1978, supra; Matter of Special Grand Jury Investigation in Alleged Wire Tapping Activities in Chautauqua County,* 79 AD2d 847). Further, an Assistant District Attorney recommended to the Grand Jury that they vote to have his office prepare a report pursuant to CPL 190.85 (subd 1, par [a]), without explaining to them their options under that statute. The proper procedure, not followed here, requires that before any report is prepared, the Grand Jury vote upon whether or not a report should be issued at all, and if so, what type of report should be prepared (see *Matter of September 1976 Grand Jury No. II,* 75 AD2d 648, 649). Gibbons, J. P., Thompson, Bracken and O'Connor, JJ., concur.