■ In the Matter of CHARLES J. HYNES, Petitioner, v FELICE K. SHEA, Respondent.—This CPLR article 78 petition seeking to prohibit the respondent from sealing a report issued pursuant to CPL 190.85 (1) (c) by the Grand Jury of New York County impaneled February 23, 1988, and to compel respondent to file the report as a public record, unanimously denied, and the petition dismissed, without costs.

This proceeding arises out of an investigation by the Special Prosecutor into allegations of corruption in a unit of the New York City Police Department. After hearing evidence from 16 witnesses and receiving various exhibits into evidence, the Grand Jury chose not to issue any indictment for criminal activity but instead issued two reports pursuant to CPL 190.85, one, not at issue here, pursuant to CPL 190.85 (1) (a), recommending that the police take internal disciplinary action against certain named officers, and the other, here at issue, pursuant to CPL 190.85 (1) (c), recommending certain administrative changes in the Police Department in the public interest.

CPL 190.85 (1) provides that

"The grand jury may submit to the court by which it was impaneled, a report * * *

"(c) Proposing recommendations for legislative, executive or administrative action in the public interest based upon stated findings."

CPL 190.85 (2) provides that

"The court to which such report is submitted shall examine it and the minutes of the grand jury and * * * shall make an order accepting and filing such report as a public record only if the court is satisfied that it complies with the provisions of subdivision one and that:

"(a) The report is based upon facts revealed in the course of an investigation authorized by section 190.55 and is supported by the preponderance of the credible and legally admissible evidence".

CPL 190.85 (5) provides that "Whenever the court to which a report is submitted * * * is not satisfied that the report complies with the provisions of subdivision two, it may direct that additional testimony be taken before the same grand jury, or *it must make an order sealing such report"* (emphasis added).

When the Grand Jury submitted a report recommending disciplinary action together with the report here at issue to respondent, Justice Shea, sitting in the Extraordinary Term of Supreme Court, Justice Shea chose not to accept the reports for filing and instead ordered the reports sealed because of the failure to instruct the Grand Jury on the proper standard to be applied in weighing evidence, which the court found was crucial here because of the sharp conflicts in the testimony upon which the reports were based.

CPL 190.25 (6) requires the prosecutor to instruct the Grand

Jury "concerning the law with respect to its duties or any matter before it". The sole instructions given by the Special Prosecutor to this Grand Jury on the standards for weighing evidence are as follows:

"As a grand jury, you are the sole judges of the facts. You have heard the evidence and you must consider it. You should not speculate upon the existence of evidence which you have not heard.

"It is your responsibility as a grand jury to decide how to act based upon legally sufficient evidence. The term 'legally sufficient evidence' means competent evidence.

"There is no requirement of corroboration required in this case." (Minutes of Oct. 27, 1988, when case was first submitted.)

"At this time permit me to state some things which I said on October 27, at a time prior to which you voted to direct me to draft a report on your behalf. One, it is up to you, and you only, to decide if the report states what you wish it to state. If the draft does not state what you want it to state you may change the draft, direct me to write a new draft or rescind your vote of October 27 or choose not to issue a report at all.

"Two, as a grand jury you are the sole judges of the fact. You have heard the evidence and must consider it. You should not speculate upon the existence of evidence which you have not heard.

"Third, it is your responsibility as a grand jury to decide how to act upon legally sufficient evidence. The term 'legally sufficient evidence' means competent evidence. There is no requirement of corroboration." (Minutes of Nov. 22, 1988, before final vote taken on draft report submitted by Special Prosecutor.)

Justice Shea concluded that the bare bones instructions in this case "did not assist the grand jury in a meaningful way in assessing the evidence. The grand jury, consistent with these instructions, could have made each finding on the basis of any supporting evidence at all in the record no matter how much opposing evidence the record contained. Thus, with no charge on the burden of proof, the grand jury was left without a statement of the law adequate to guide it on the issues under consideration. This omission is particularly critical where, as here, there are sharp conflicts in the testimony upon which the findings in the reports are based."

Justice Shea was correct in finding that these minimal instructions were insufficient and required the sealing of the

Grand Jury report which was issued following these instructions. The law is clear that the prosecutor must instruct the Grand Jury on the proper standard for reviewing evidence, and that even when a Grand Jury report is sufficiently supported by the evidence, failure to so instruct the Grand Jury obligates the reviewing court to seal the report. *(E.g., Matter of Report of Special Grand Jury,* 102 AD2d 871.) It has been expressly held that a Grand Jury must be instructed on the burden of proof, and, if this is not done, the report must be sealed *(Matter of Reports of Grand Jury,* 100 AD2d 692; *Matter of June 1982 Grand Jury,* 98 AD2d 284). An instruction on the burden of proof was concededly lacking here. In addition, the Grand Jury must be instructed on the substance of the matters before it. "The instructions need not be as comprehensive or specific as a Judge's instructions to a petit jury, but the jury must be given a statement of the law that is adequate to guide it on the issues under consideration". *(Matter of Report of Special Grand Jury,* 77 AD2d 199, 202.)

In addition to the arguments challenging Justice Shea's analysis on the merits, which we reject, the petitioner also argues that the standards of the statute and the case law regarding the sealing of Grand Jury reports should apply only to reports issued under CPL 190.85 (1) (a) and not to reports of administrative recommendations under CPL 190.85 (1) (c). Petitioner asserts that the main reason for these procedural safeguards is to protect the rights of individuals who may be named in a report issued pursuant to CPL 190.85 (1) (a) recommending disciplinary action. Since a report issued under CPL 190.85 (1) (c) only recommends administrative reforms and does not implicate a named individual, petitioner argues that a less stringent standard should apply. Petitioner points to the fact that most of the reported cases sealing Grand Jury reports arise under CPL 190.85 (1) (a). However, these arguments are not supported by the plain language of the statute or the cases, and appear to be an attempt to find a nonexistent distinction. The validity of the conclusions in a report, under either section, are necessarily affected by the process by which such conclusions are reached and the absence of appropriate instructions in that regard would have an equally negative impact on the report irrespective of the section involved. Moreover, the reported cases involving reports under paragraph (c) hold that the same procedural safeguards should apply. *(E.g., Matter of Report of August-September 1983 Grand Jury III,* 103 AD2d 176.)

Accordingly, the Special Prosecutor's article 78 petition

seeking to prohibit the sealing of the report should be denied and dismissed. Concur—Ross, J. P., Kassal, Ellerin and Rubin, JJ.