■ In the Matter of the REPORT OF THE ADDITIONAL GRAND JURY, ORANGE COUNTY, MAY-JUNE 1990 TERM. DISTRICT ATTORNEY OF ORANGE COUNTY, Appellant.—Appeal from an order of the County Court, Orange County (Owen, J.), dated December 27, 1990, which denied an application to accept and file a Grand Jury Report as a public record and permanently sealed it, and from an order of the same court, dated January 17, 1991, which denied the District Attorney's motion for reargument, or, in the alternative, for leave to give an additional charge to the Grand Jury.

Ordered that the order entered December 27, 1990, is reversed, on the law, the application is granted, and the Grand Jury's Report is directed to be accepted and filed as a public record; and it is further,

Ordered that the appeal from so much of the order dated January 17, 1991, as denied reargument, is dismissed as no appeal lies therefrom; and it is further,

Ordered that the appeal from so much of the order dated January 17, 1991, as denied leave to give an additional charge to the Grand Jury is denied as academic.

The County Court erred in sealing the report of the Orange County Grand Jury concerning the towing practices and procedures of the City of Newburgh on the ground that the prosecutor had failed to instruct the Grand Jury on the legal definition of "preponderance of the evidence", and/or that its findings were obliged to be supported by that degree of proof.

CPL 190.85 (2) provides the court to which a Grand Jury report is submitted "shall make an order accepting and filing such report as a public record," but only if it finds that the report is supported by "the preponderance of the credible and legally admissible evidence". Nowhere does the statute contain a requirement that the "preponderance" standard be charged to the Grand Jury; and the County Court had no authority *sua sponte* to add this precondition to the requirements for acceptance and filing when the Legislature did not see fit to do so.

In any event, we conclude that the Grand Jury was adequately instructed on the requisite standard and burden of proof. The sole statutory definition of the evidence required to authorize Grand Jury action is given in CPL 190.65 as "legally sufficient", "competent and admissible evidence", which

should provide "reasonable cause to believe" the substance of the Grand Jury's findings. As the court made clear in *Matter of Special Grand Jury Investigation in Alleged Wire Tapping Activities* (79 AD2d 847), the same standard of proof is required for a report as for an indictment. "Legally sufficient evidence" and "reasonable cause to believe" are in turn defined in CPL 70.10. All of this information was painstakingly communicated to the grand jurors by the prosecutor, who read to them verbatim the applicable standards, definitions and guidelines as given in the statutes *(People v Calbud, Inc.,* 49 NY2d 389, 394), and who explained that the burden of proof never shifted from the People *(cf., Matter of Grand Jury Reports,* 100 AD2d 692; *Matter of Grand Jury of Supreme Ct.,* 98 AD2d 284). Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.