■ In the Matter of FIRST REPORT OF THE JUNE 1993 GRAND JURY OF THE COUNTY OF CLINTON. DISTRICT ATTORNEY OF CLINTON COUNTY, Respondent; PUBLIC SERVANT NAMED IN THE ABOVE-ENTITLED REPORT, Appellant. [619 NYS2d 785] —Yesawich Jr., J. Appeals (1) from two orders of the County Court of Clinton County (Lewis, J.), entered September 29, 1993 and October 20, 1993, which, *inter alia,* accepted a report of the June 1993 Grand Jury of the County of Clinton pursuant to CPL 190.85, and (2) from an order of said court, entered December 13, 1993, which denied a motion by respondent to seal said report.

In September 1993, a Clinton County Grand Jury submitted for filing a report prepared pursuant to CPL 190.85 (1) (a) (hereinafter the report), in which it found that respondent, a public servant, had engaged in misconduct in public office, and recommended that disciplinary action be taken. In an order dated September 29, 1993 (hereinafter the first order), County Court directed that the report be accepted and filed as a public record 31 days after respondent was served with the report and order. Respondent then moved to inspect the Grand Jury minutes, and by order dated October 20, 1993 (hereinafter the second order), County Court granted that motion, ordered that the minutes, insofar as they pertained to the report, be made available for inspection, and gave respondent until November 9, 1993 to submit an answer to the report.

After receiving the minutes, respondent interposed an answer *(see,* CPL 190.85 [3]) and moved to have the report sealed, essentially requesting that County Court reconsider its previous decision in light of respondent's answer. By order dated December 13, 1993 (hereinafter the third order), County Court, having reconsidered its earlier decision, nevertheless denied respondent's request. At the outset, we note that while respondent's appeal of the first order was untimely and must be

dismissed for that reason, the appeals from the second and third orders are properly before this Court.

Notwithstanding respondent's contrary view, we find the report adequate, for it does more than merely summarize the testimony of the witnesses (cf., Matter of Report of Apr. 1980 Grand Jury of Supreme Ct. of Fulton County, 90 AD2d 882). The report reaches certain factual conclusions which clearly indicate that the Grand Jury made credibility assessments, rejecting some of respondent's testimony in favor of that given by others. In short, the Grand Jury's report is supported by a preponderance of the credible and legally admissible evidence. Nor are we persuaded by respondent's suggestion that the Grand Jury simply substituted its judgment for that of respondent; rather, it found, and there is ample basis in the record to do so, that respondent violated standards of conduct established by specific written policies governing the situations with which respondent was confronted, and hence was guilty of misconduct (cf., Matter of March 1975 Grand Jury of Supreme Ct. of Ulster County, 53 AD2d 724).

Examination of the record also discloses that the Grand Jury was given appropriate instructions with regard to the definition of "misconduct" and the applicable case law. Furthermore, the written policies which respondent was found to have violated, as well as the duties and responsibilities associated with respondent's position, were before the Grand Jury (compare, Matter of Grand Jury Reports of County of Montgomery Impanelled on Apr. 30, 1979, 100 AD2d 692; Matter of Grand Jury of Supreme Ct. of Rensselaer County, 98 AD2d 284, 285).

The procedural irregularities which respondent finds in the methods used by the Grand Jury in arriving at its conclusions and preparing the report are also, for the most part, unconvincing. Initially, we are of the view that the scope of respondent's waiver of immunity is irrelevant to the issue of whether the report must be sealed, but instead bears only on the admissibility of his testimony in a future proceeding, and is a matter to be raised at that time. As for the assertion that the Grand Jury never directed that a report be prepared finding misconduct, in addition to one recommending legislative, executive, or administrative action (see, CPL 190.85 [1] [a], [c]), and never authorized the expansion of the additional report to encompass two separate transgressions, the lengthy discussions between petitioner and the Grand Jury on this subject plainly suggest otherwise. And, there being no requirement that deliberations of the Grand Jury, had outside the

presence of the prosecutor, be recorded (cf., Matter of Nassau County Grand Jury Apr. Term, 87 Misc 2d 453, 463), the lack of any record of those deliberations does not, as respondent would have it, warrant sealing the report.

Nevertheless, while petitioner represents that the Grand Jury's vote approving the report in its final form was recorded, but that the vote sheets were not turned over to respondent because County Court did not so order, it is unclear whether County Court itself was provided with any documentation from which it could determine that the report was indeed actually reviewed by at least 16 jurors and its issuance approved by 12 (see, CPL 190.25 [1]). If such is not the case, the report must be sealed (see, Matter of Grand Jury of Supreme Ct. of Rensselaer County, supra, at 285-286; Matter of Nassau County Grand Jury Apr. Term, supra, at 464). Accordingly, the matter must be remitted so that County Court can review the voting records, if it has not already done so, and make an explicit determination in this regard.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the appeal from order entered September 29, 1993 is dismissed, without costs. Ordered that the decision on remaining appeals is withheld, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.