■ In the Matter of the SPECIAL GRAND JURY REPORT, EXHIBIT 161 OF THE APRIL 18, 1994, SPECIAL GRAND JURY TERM IV, SUFFOLK COUNTY. JOHN DOE, Appellant. [684 NYS2d 253] —Appeals by John Doe, a public official, from (1) an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 8, 1997, which, *inter alia*, granted an application to accept and file as a public record the Special Grand Jury Report, Exhibit 161, issued pursuant to CPL 190.85 (1) (a), together with the answer thereto, and (2) an order of the same court, dated June 13, 1997, which redacted certain words from the appellant's answer.

Ordered that the order dated April 8, 1997, is reversed, without costs or disbursements, and the Special Grand Jury Report, Exhibit 161, together with the answer thereto, is sealed; and it is further,

Ordered that the appeal from the order dated June 13, 1997, is dismissed as academic, without costs or disbursements.

A Suffolk County Special Grand Jury embarked upon an investigation concerning the Employee Medical Health Plan for County employees. As a result of that investigation, it issued a report pursuant to CPL 190.85 (1) (a), which is the subject of this appeal. This report dealt with alleged acts of misconduct by a named public servant. Due to certain procedural irregularities and because of the insufficiency of the evidence, the report must be sealed.

The instruction to the Grand Jury regarding the burden of proof was inadequate (*see, Matter of Report of Additional*

*Grand Jury, Orange County,* 182 AD2d 688, 689; *Matter of Grand Jury of Supreme Ct. of Rensselaer County,* 98 AD2d 284, 285). Moreover, the public servant was unable to intelligently prepare an answer to the report or effectively appeal its acceptance because he was unable to inspect all of the Grand Jury minutes which were relevant to the report issued with respect to him (*see, Matter of Second Report of Nov. 1968 Grand Jury of County of Erie,* 26 NY2d 200).

Furthermore, the recommendations contained in the report are not supported by the preponderance of the credible and legally admissible evidence (*see,* CPL 190.85 [2] [a]).

Accordingly, the court's order must be reversed and the report sealed. In light of this determination, the appellant's remaining contentions are academic and need not be addressed. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.