Chief Judge Fuld.
The appellants challenge the constitutionality of section 253-a of the Code of Criminal Procedure, the statute which authorizes the grand jury to submit a report to the court concerning noncriminal misconduct or neglect in office by a public officer or employee.
The appeal is properly before us, whether the proceeding under section 253-a be regarded as criminal or civil.[1] Section 517-a of the Code, it is true, recites that the Appellate Division in such a proceeding ‘ ‘ shall be the sole court having jurisdiction of * * * an appeal ” and that its order “ shall not be subject to [further] review” (subd. 7). However, that provision was intended merely to limit further review and consideration as to the sufficiency of the evidence supporting the grand jury’s report and not to preclude and prevent a challenge to the constitutionality of the very procedure authorized by section 253-a. The appellants are, therefore, entitled to have that constitutional question passed upon by the Court of Appeals, and section 517-a may not be invoked to fob off the appeal on that question even if the proceeding be deemed criminal in nature. We turn, then, to the merits of the appeal.
It has long been my view, and it was expressed in our opinion in Matter of Wood v. Hughes (9 N Y 2d 144), that, although the Constitution of this State does not itself vest the grand jury with power to make a report charging noncriminal misconduct, it does not prohibit the enactment of legislation authorizing such a report. Indeed, in Wood, the court — after noting that a strong case could be made against grand jury reports on policy grounds and that the relevant provisions of the Code of Criminal Procedure, as they then read, did not sanction them (9 N Y 2d, at pp. 153-155) —went on to say that the Legislature could, by “ a clear grant of legislative authority ” (p. 156), invest the grand jury with the power to present a report condemning public officers *204 or employees for misconduct or laxity in office. Section 253-a, enacted after our decision in Wood, provides the authorization which the court found to be lacking when it decided that case, and there is nothing in the language or design of either section 6 of article I, or section 1 of article III, of the Constitution—the provisions relied upon by Judge Burke (Opn., pp. 208-211) — which warrants its invalidation.
However, there must be a reversal in this case in view of the court’s denial of the appellants’ motions for inspection of the minutes of the grand jury upon which its report was based. Following acceptance of that report by the court, the appellants moved to inspect the minutes in order to assist them in proceeding with their appeal and obtaining information to enable them to file a more complete answer. The court’s denial of this motion was premised on the ground that it lacked authority to grant such an application (Memorandum of Heffron, J., July 21, 1969). We do not agree. The demands of due process, a regard for fundamental fairness, dictated that the evidence before the grand jury relating to the appellants should have been made available to them not only before they went forward with their appeals but before they were required to file their answers. It is our opinion that, unless the grand jury minutes contain matter that must need be kept confidential or unless disclosure of those minutes would be inimical to the public interest—in which event, the court must reject and seal the report—the appellants’ motions to inspect the minutes should have been granted.
The statute expressly gives the public officer or employee aright to “ file * * * an answer ” to the charges contained in the report (Code Crim. Pro., § 253-a, subd. 3, par. [b]). This right, however, as well as the right to appeal from the court’s determination accepting the report, would be considerably diluted, perhaps rendered nugatory, if the official or employee accused were to be denied an opportunity to ascertain the indentity of the witnesses against him or the evidence upon which the report was predicated. In view of the secrecy which must, of necessity, attend proceedings of the grand jury, a right sense of justice requires that those who must “ answer [the] report” should first be accorded an examination of the minutes so that they may *205 intelligently prepare their answer and attempt to refute the charges leveled against them.[2]
The report authorized by section 253-a of the Code concerns public officers whose reputations and careers may well be ruined, regardless of the final outcome of the charges, by publication of the report. Since inspection of grand jury minutes has been frequently permitted in criminal cases, where a certain degree of secrecy is justified, it certainly ought to be allowed in a case, such as the present, where such secrecy is neither necessary nor desirable. To limit the accused official or employee to a bare unsupported and unsubstantiated list of charges and allegations against him would serve to deprive him of that opportunity to be heard which is guaranteed to him by the Due Process Clause of our own State Constitution (art. I, § 6).
This conclusion does not, however — contrary to the contention advanced—require us to hold section 253-a itself unconstitutional. It is true that inspection of grand jury minutes is not expressly authorized by the statute but it is equally true that it does not preclude the court from granting such inspections. Despite the fact, remarked by Judge Burke in his dissenting opinion (p. 207), “that grand jury proceedings, by their very nature, are intended to be confidential (see Code Crim. Pro., § 258) ”, the courts have the power—wholly apart from section 253-a—to allow a party, challenging the sufficiency of the evidence before a grand jury, to inspect the minutes of its proceedings (Code Crim. Pro., § 952-t; see Matter of Schneider v. Aulisi, 307 N. Y. 376, 381; People ex rel. Hirschberg v. Supreme Ct., 269 N. Y. 392, 395; Eighmy v. People, 79 N. Y. 546, 560). In point of fact, even if section 253-a could possibly be read, as Judge Burke seems to suggest, to deprive the court of its authority to grant such an inspection, we would be privileged, nay obliged, to reject such a construction. This is the consistent teaching of our decisions. (See, e.g., People v. *206 Finkelstein, 9 N Y 2d 342, 345; Kauffman & Sons Saddlery Co., v. Miller, 298 N. Y. 38, 44; People ex rel. Simpson v. Wells, 181 N. Y. 252, 257; see, also, Winters v. New York, 333 U. S. 507, 514.) “No statute should be declared unconstitutional ’ ’, we said in the Simpson case (181 N. Y., at p. 257), “if by any reasonable construction it can be given a meaning in harmony with the fundamental law. ’ ’
The orders appealed from should be reversed and the matter remitted to the County Court of Erie County for further proceedings in accordance with this opinion.

. To protect themselves, the appellants filed notices of appeal pursuant to section 520 of the Code and section 5601 of the CPLR.

. Indeed, the court, after restudying the grand jury minutes and the report in the light of the answer interposed, may wish to reconsider its decision to accept the report for filing. As we had occasion to remark, though in a somewhat different context, “omissions, contrasts and even contradictions, vital perhaps, for discrediting a witness, are certainly not as apparent to the impartial presiding judge as to single-minded counsel for the accused ”. (People v. Rosario, 9 N Y 2d 286, 290; see, also, People v. Emmett, 25 N Y 2d 354.)