## No. 25345.

CARL PARLAPIANO, DISTRICT ATTORNEY, TENTH JUDICIAL DISTRICT, PUEBLO, COLORADO *v.* DISTRICT COURT IN AND FOR THE TENTH JUDICIAL DISTRICT, STATE OF COLORADO, AND HONORABLE S. PHILIP CABIBI, DISTRICT JUDGE IN AND FOR THE TENTH JUDICIAL DISTRICT, STATE OF COLORADO.
(491 P.2d 965)

Decided December 20, 1971.

522

CARL PARLAPIANO, District Attorney, DANIEL J. SEARS, Deputy, for petitioner.

DAROL C. BIDDLE, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

A DEFENDANT was indicted for felonious conspiracy to possess a narcotic drug. The respondent judge entered an order that, not later than three days prior to trial, the People should furnish for inspection by defendant's counsel a transcript of the testimony before the grand jury of any witnesses who would be called to testify at trial. The district attorney filed a petition here for a writ of prohibition to prevent such disclosure under the order. We issued a rule to show cause why the relief prayed by the district attorney should not be granted.

We discharge the rule.

The order referred to above was entered on November 2, 1971. Two and one-half months prior to the entry of that order the indicted defendant made a motion for discovery, listing a great many things. In his motion the defendant requested, *inter alia,* the production of grand jury testimony. On September 30, 1971 the court entered an order granting most of the requests. The request for grand jury testimony was denied with the following statement:

"The motion to inspect Grand Jury minutes so far as such motion requests pretrial discovery at this time is denied. However, in the event that this matter goes to trial, the defendant may renew this motion within 10 days of trial."

On October 29, 1971 the defendant renewed his motion as to grand jury testimony, as a result of which the above mentioned order of November 2, 1971 was entered. It provided:

"Since the defendant would be entitled to inspection of the Grand Jury testimony of any witnesses who testified at the trial of this case and in the interest of expediting an orderly trial, the People shall not later than three days prior to the trial date notify the Court of the names of the witnesses who it is then known will be called to testify at the trial, and if such persons did testify before the Grand Jury, a transcript shall be made available for inspection by counsel at the time of filing such notice."

It is the position of the district attorney "that the defendant should not be allowed to jeopardize the secrecy of the grand jury for mere purposes of discovery," citing *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, (1966); *Pittsburgh Plate Glass v. United States*, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *Bary v. United States*, 292 F.2d 53 (1961); and *State v. Vennard*, 159 Conn. 385, 270 A.2d 837 (1970). The district attorney further calls our attention to the fact that the indicted defendant did not show any "particularized need" as mentioned in *Pittsburgh Plate Glass, supra*, and *United States v. Proctor & Gamble*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

The People also state that, if the authority for the disclosure is Crim. P. 16(c)(1), under that rule there must be "a showing of materiality to the preparation of the defense," and that the request is reasonable. There was no such showing by the indicted defendant, but rather the reason given for the discovery was that denial thereof would violate the constitutional rights of the defendant. We do not pass upon constitutional claims upon which the motion was grounded. Instead, unless the People show otherwise, the grand jury testimony of a person who will testify at the trial is presumed to be material to the preparation of the defense, and a request therefor is presumed to be reasonable.

Historically, in most jurisdictions grand jury proceedings have been enshrouded with a cloak of secrecy. *Sherry, Grand Jury Minutes: The Unreasonable Rule of*

*Secrecy,* 48 Va. L. Rev. 668. In *Proctor & Gamble, supra,* there was dicta to the effect that there are instances of compelling necessity when the rule of the "indispensable secrecy of grand jury proceedings" can be broken. These "are instances when that need will outweigh the countervailing policy." The majority ruling, however, was that there had not been a sufficient showing of good cause.

Mr. Justice Douglas, writing for the majority in *Proctor & Gamble,* recited in a footnote the reasons for secrecy as summarized in *United States v. Rose,* 215 F.2d 617 (1954), which are:

" '(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of prejury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.' "

A rewording of this summary is contained in the dissenting opinion of Mr. Justice Brennan in *Pittsburgh Plate Glass Co.,* which dissent is quoted in a footnote in *People v. Wimberly,* 384 Mich. 62, 179 N.W.2d 623 (1970). The majority opinion in *Proctor & Gamble* also gave as a reason for secrecy the encouragement of witnesses to step forward and testify freely without fear of retaliation.

We prefer the view of *Wimberly, Antrobus v. State,* 253 Ind. 420, 254 N.E.2d 873 (1970), *Shelby v. Sixth Judicial District Court,* 82 Nev. 204, 414 P.2d 942 (1966), and the dissent in *Pittsburgh Plate Glass.* Parallel reasoning is to be found in *People v. Johnson,* 31 Ill. 2d 602, 203 N.E.2d 399 (1956).

■ (1) We agree that there should not be disclosure when it may result in the escape of one before he is indicted and arrested. If this possibility exists, the district attorney should make such a showing to the court.

■ (2) Only testimony of witnesses who are listed by the People as such and whom the district attorney intends to call at the trial should be revealed to defense counsel. We are unable to perceive how the disclosure of the precise testimony of a witness is going to subject him to retaliation. It occurs to us that the principal reason for retaliation would simply be that the witness is going to testify at the trial against the defendant. The same reason for retaliation exists with respect to a witness listed on an information in a case in which there has been no grand jury consideration. If in any case it appears that the disclosure of certain testimony will appreciably heighten the possibility of retaliation, the People may make such a showing; and the court may consider this as a possible ground for denial of the disclosure of such testimony.

■ (3) As to the prevention of subornation of perjury or tampering with witnesses, our views are the same as expressed in the preceding paragraph.

(4) The matter of encouragement of free and untrammeled disclosures by persons who have information is similar to Mr. Justice Douglas' other reason of encouragement of witnesses to step forward and testify freely. A witness who has given incriminating testimony against someone before the grand jury can usually assume that, if there is an indictment, he will be obliged to testify at the trial. This being so, the same deterrents against testifying will be present whether the grand jury testimony is disclosed or not. We can see no reason why a person would not step forth and disclose his information to the prosecuting authority as freely as he would to a grand jury.

(5) The reason listed by the majority in *Proctor & Gamble* under number (5) is not applicable here. *Proctor*

& *Gamble* involved grand jury testimony in a civil trial. The civil suit was brought to enjoin alleged violations of the Sherman Act, 15 U.S.C. § 4, and the Government was using the grand jury transcript to prepare the case for trial. There had been no indictment by the grand jury which investigated possible criminal violations of the Sherman Act. We have no such situation here.

██ Secrecy for secrecy's sake should no longer be the rule in Colorado. Rather, the maintenance of the wall of secrecy around grand jury testimony should be grounded upon sound reason. It might be argued that this is not compatible with the rule requiring an advance showing by a defendant of a "particularized need" for certain testimony. The practical weakness in this argument is that the indicted defendant and his counsel will not know what the testimony was. The cloak of secrecy thwarts an indicted defendant's efforts to show necessity and relevancy, even when they exist., To be in accord with modern theory of discovery and with our view of fundamental fairness for an indicted defendant, upon motion the trial court should order the disclosure prior to trial of grand jury testimony, absent a showing by the district attorney that it (or portions thereof) should not be disclosed. See *United States v. Hughes,* 413 F.2d 1244 (1969).

In *People v. Wimberly, supra,* the court referred to "the defendant-assault on the bastion of the grand jury storehouse.", and rule as follows:

"We hold today that the burden should properly be on the prosecutor to defend the storehouse and not upon the defendant to assault it."

We adopt the reasoning of *Wimberly,* and of *American Bar Association Standards Relating to 'Discovery and Procedure Before Trial,* § 2.1 (a), which reads as follows:

"(a) Except as is otherwise provided as to matters not subject to disclosure (section 2.6) and protective orders (section 4.4), the prosecuting attorney shall disclose to

528

defense counsel the following material and information within his possession or control:

\* \* \*

"(iii) those portions of grand jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial:"

In *United States v. Youngblood,* 379 F.2d 365 (1967), the court upheld the trial judge in his refusal to allow the defense to examine grand jury minutes for the reason that the judge had examined the minutes *in camera,* and found no inconsistencies with the testimony of the witness at trial. We infer from the opinion that there was an absence of a showing of a particularized need. The opinion refers to the statement in *Dennis v. United States, supra,* that there has been a "growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." In *Youngblood* it was concluded that *Dennis, Proctor & Gamble,* and *Pittsburgh Plate Glass* merely indicate a minimum standard, and that there is discretion in a trial court to order disclosure in additional situations where a showing of particularized need has not been made. The court in *Youngblood* then determined that a disclosure of grand jury testimony should be granted without a showing of particularized need, and made this the rule to be followed prospectively in the trial courts of the Second Circuit.

██ We agree entirely with the statement in *Youngblood,* which is also adequately embraced within our Rules of Criminal Procedure, as follows:

"If the Government seeks such a protective order the court should first examine *in camera* the material sought to be protected before making its ruling; and if material is withheld from the defendant under such an order it shall be sealed by the court and preserved for consideration on appeal."

■ We go further than *Youngblood* in one respect. As we read that opinion, the request for the grand jury testimony can be made only after the witness has testified, in order that the defense may be in better position to cross-examine the rebut. We regard this timing as too limiting. We feel that, in order that defense counsel may properly prepare, the defense should have the grand jury testimony of those witnesses who will be called to testify somewhat in advance of trial. The trial court ordered that the transcript should be made available within three days prior to the commencement of trial. This we approve.

The cost of transcribing testimony furnished to the defense shall be paid by any non-indigent defendant.

The rule is discharged.