**No. 27767**

**Paul B. de'Sha, Foreman, 1977 Statutory Denver County Grand Jury on his own behalf as said Foreman and on behalf of the 1977 Statutory Denver County Grand Jury v. Harold D. Reed, District Judge and Presiding Judge, 1977 Statutory Denver County Grand Jury, and District Court, Second Judicial District, State of Colorado**

(572 P.2d 821)

Decided December 19, 1977.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Deputy, for petitioner.

Harold D. Reed, pro se respondent.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief, Appellate Section, Karen Hoffman Seymour, Assistant, for Intervenor State of Colorado.

Holland & Hart, Edwin S. Kahn, for Intervenor Committee on Legal Services.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.


The petitioner, Paul B. de'Sha, Foreman of the 1977 Statutory Denver County Grand Jury, filed a petition for a writ of mandamus against the District Court in and for the Second Judicial District and the Honorable Harold D. Reed, District Judge, to direct the judge to disclose the grand jury's report. We issued a rule to show cause and now discharge the rule.

In July of 1977, the grand jury issued a report. On July 14, 1977, Dale Tooley, District Attorney in and for the Second Judicial District and legal advisor to the grand jury, filed in the respondent district court a motion for release of this report. Among other findings, the district court found that "(i)n the absence of the recent legislation this report would be proper for release and would be released by this Court, as it is in accord with Rule 6.7, C.R.Crim.P." The trial court then entered the following order:

"The Grand Jury Report may not be made public due to the provisions of Senate Bill No. 186, now enacted as law C.R.S. 1973, as amended, 16-5-205(4), and further orders that such report be permanently sealed."

## I.

To provide a framework for the disposition of this case, it is necessary to set forth the following provisions of law which are at issue here:

Colorado Constitution, Article II:

"Section 23. Trial by jury — grand jury. The right of trial by jury shall remain inviolate in criminal cases; but a jury in civil cases in all courts, or in criminal cases in courts not of record, may consist of less than twelve persons, as may be prescribed by law. Hereafter a grand jury shall consist of twelve persons, any nine of whom concurring may find an indictment; provided, *the general assembly may change, regulate or abolish the grand jury system*; and provided, further, the right of any person to serve on any jury shall not be denied or abridged on account of sex, and the general assembly may provide by law for the exemption from jury service of persons or classes of persons." [emphasis supplied]

Colorado Constitution, Article VI:

"Section 21. Rule-making power. The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases, except that the general assembly shall have the power to provide simplified procedures in county courts for claims not exceeding five

hundred dollars and for the trial of misdemeanors."

Section 16-5-205, C.R.S. 1973, Senate Bill 186, 1977 First Regular Session:

"(4). The report of the grand jury shall not be made public except when required by statute or except that all of the report or a portion thereof may be released if the chief judge of the district court finds such a release will exonerate a person or persons who have requested such a release."

Crim.P. 6.7:

"(a) *Statutory Authority.* The grand jury may submit to the court a report on any matters investigated under its statutory authority.

"(b) *Court May Seal.* If at any time after receipt and review of a report the court finds that the filing of such report as a public record might prejudice fair consideration of a pending criminal matter, it shall order that the sealing of such report be continued. Such order shall provide that such sealed report shall not be subject to subpoena or otherwise be made public during the pendency of such criminal matter. When the court finds that the report could no longer prejudice fair consideration of a pending criminal matter, and when the provisions of this rule have been complied with, the court shall make a determination as to whether such report should be filed as a public record or be permanently sealed.

"(c) *Public Record When.* When the court has complied with all other requirements of this rule and is satisfied that the report is supported by substantial evidence when the record is considered as a whole, the court shall make a determination as to whether such report should be filed as a public record or be permanently sealed and shall proceed to direct such filing or sealing. (Adopted and effective December 17, 1974.)"

Petitioner avers that the grand jury is entitled as a matter of law to have the report made public pursuant to Crim.P. 6.7, which governs the report's issuance and which is a lawful exercise of the court's rule-making power as set forth in Article VI, Section 21 of the Colorado Constitution. Petitioner's position is based on the assertion that, to the extent of any conflict, the power delegated to the court by Article VI, Section 21, Colorado Constitution, prevails over the power delegated to the legislature by Article II, Section 23, Colorado Constitution, because of the later effective date of the judicial article.

■ It is an established axiom of constitutional law that where there are both general and specific constitutional provisions relating to the same subject, the specific provision will control. *Associated Students of the University of Colorado v. Regents of University of Colorado,* 189 Colo. 482, 543 P.2d 59 (1975); *People ex rel. Boatright v. Newlon,* 77 Colo. 516, 238 P. 44 (1925); *People v. Field,* 66 Colo. 367, 181 P. 526 (1919). Article VI, Section 21 is of a completely general nature dealing with civil and criminal procedure as a whole. Thus, Article II, Section 23 must be regarded as determinative here since it specifically grants the

power to the legislature to "change, regulate, or abolish the grand jury system."

    The Constitution must be construed as a whole, including the amendments, giving to each word its proper effect, and so far as possible harmonizing each provision with every other. Repeal by implication applies only where a later enactment conflicts with an earlier one. We find no such conflict here, *Dixon v. People*, 53 Colo. 527, 127 P. 930 (1912); *People v. Field, supra*.

## II.

Petitioner further argues that to hold that the statute supersedes the rule would be to violate the doctrine of separation of powers. We disagree.

    Petitioner overlooks in his argument that the doctrine of separation of powers is not an abstract principle which may contradict the express language of the Constitution itself. *In re Interrogatories Propounded By the Senate Concerning House Bill 1078*, 189 Colo. 1, 536 P.2d 308 (1975). This is the import of Article III of the Colorado Constitution which reads as follows:

"The powers of the government of this state are divided into three distinct departments, — the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, *except as in this constitution expressly directed or permitted*." [emphasis supplied]

In the instant case, whether or not the power to regulate the grand jury would ordinarily be considered a judicial or a legislative function is not controlling, since this power is expressly delegated to the legislature pursuant to Article II, Section 23. Section 16-5-205(4), C.R.S. 1973, is a valid exercise by the legislature of this power.

## III.

    This court promulgated Crim.P. 6.7 at a time when there was no statute regulating the release of grand jury reports. Now that the legislature has acted pursuant to its constitutional power, its enactment will control the release of the report in question in this case.

    Arguments have been made concerning the emerging political philosophy dealing with the openness of governmental proceedings. Those philosophical views, specifically as concerns their application to grand jury proceedings, must, however, be addressed to the legislature since, as we have pointed out, the regulation of grand juries constitutionally lies with it in the first instance within the framework set up by the organic document in Colorado.

Accordingly, the rule to show cause is discharged.

MR. JUSTICE ERICKSON does not participate.