MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This appeal was taken after the Chief Judge of the Denver District Court denied the Attorney General’s motion for release of grand jury transcripts and exhibits. The motion was filed on behalf of Alan Chames, Executive Director of the Colorado Department of Revenue, for the purpose of obtaining state grand jury evidence and testimony relating to misconduct of employees of the Liquor Enforcement Division of the Department of Revenue. The state grand jury indicted two of the employees, and the sole purpose for the production of the evidence before the grand jury was to discipline other employees. In refusing to allow release of the grand jury testimony, exhibits, and the reports, the trial judge relied upon the provisions of section 16-5-205(4), C.R.S. 1973 (1978 Repl. Vol. 8), which provides:
“(4) The report of the grand jury shall not be made public except when required by statute or except that all of the report or a portion thereof may be released if the chief judge of the district court finds such a release will exonerate a person or persons who have requested such a release.”
In interpreting the statutory language, the trial judge concluded that the word “report” was all-inclusive and included transcripts, *462 because, in many instances, the report is nothing but a condensation of what transpired before the grand jury. Moreover, there is nothing in the record that would indicate that the transcript would exonerate any “person or persons who have requested such a release.” We agree with the district court.
The Attorney General does not question the validity of section 16-5-205(4), C.R.S. 1973 (1978 Repl. Vol. 8), which we recently reviewed and upheld in de’Sha v. Reed, 194 Colo. 367, 572 P.2d 821 (1977). The statute in question parallels the Grand Jury Reform Legislation recommended by the American Bar Association, and particularly Principle No. 10, which states:
“The Grand Jury should not be used by the prosecutor for the purpose of aiding or assisting in any administrative inquiry.”
The purpose of the reform proposals and of section 16-5-204 was to prevent the grand jury process from being used as a subterfuge to obtain information for use in other proceedings such as the one which is before us. See also, Crim. P. 6.7 and 6.9.
Accordingly, we affirm.
MR. JUSTICE CARRIGAN does not participate.