Morgan Smith Executive Director Department of Local Affairs 1313 Sherman, Room 518 Denver, Colorado 80203
Dear Mr. Smith:
This is in response to your request of June 23, 1983, for an opinion concerning possible conflicts in 1982 constitutional amendment No. 1 and statutes enacted prior to the adoption of the amendment, which statutes the legislature has not seen fit to repeal.
QUESTIONS PRESENTED AND CONCLUSIONS
Specifically, you ask that the following questions be answered as to certain specified statutes. The three questions asked are set forth as follows:
1. Do the statutes conflict with the constitution? If so, which provision prevails, statute or constitution?
2. Must the assessors apply the existing statutes to the 1983 valuation and make any necessary adjustments to reflect the law?
3. How are the unconstitutional statutes, if any, removed from the law?
You ask that these questions be answered as to the following statutes.
 Valuation for Assessment: C.R.S. 1973, 39-1-104(1) (1982 repl. vol. 16B) — reflects 30 percent assessment on property.
 Open Space Statutes: C.R.S. 1973, 39-1-103(7) (1982 repl. vol. 16B) — a portion of value is exempted.
 Historic Properties: C.R.S. 1973, 39-1-104(5) (1982 repl. vol. 16B) — placement of a property in the Historic Register will not add value to the property.
 Remodeled Residential, 30 Years or Older: C.R.S. 1973, 39-5-105(2)(a) (1982 repl. vol. 16B) — remodeling value deferred for five years.
 Alternative Energy Devices: C.R.S. 1973, 39-1-104(6) — (1982 repl. vol. 16B) — value for alternative energy devices deferred until January 1, 1990. (Applies to all property.).
 Commercial Renovation 30 years or Older: C.R.S. 1973, 39-5-105(3) (1982 repl. vol. 16B) — remodeling value deferred for five years.
 Lands Owned by U.S. and Used for Recreational Purposes: C.R.S. 1973, 39-3-112(6) (1982 repl. vol. 16B) — possessory interest assessed at 30 percent of fees paid by the user.
 Gasohol Plants: C.R.S. 1973, 39-1-104(13) and (14) (1982 repl. vol. 16B) — varying assessment ratios —
1st year of assessment — 2 percent
2nd year of assessment — 9 percent
3rd year of assessment — 16 percent
4th year of assessment — 23 percent
5th year on ------------ 30 percent
 Works of Art: C.R.S. 1973, 39-1-104(15) (1982 repl. vol. 16B) — assessment ratio of 1/2 percent.
 Tax Reduction for Reservoirs: C.R.S. 1973, 37-87-116 (1982 repl. vol. 16B) — reduction of $40 for each acre foot of storage capacity; total cannot exceed 25 percent of valuation.
 Severed Mineral Interests: C.R.S. 1973, 39-1-104(4) (1982 repl. vol. 16B) — in absence of market activity, minimum value of $1.00 per acre shall be used. Also, assessment rate, 30 percent.
 Non-Production Oil Shale — C.R.S. 1973, 39-6-111(2) (1982 repl. vol. 16B) — value of nonproducing oil shale cannot exceed the per acre value placed on the surface use of a tract.
My conclusions, as to the three questions asked, are as follows:
 1. To some extent, all of the statutes cited in your opinion request conflict with 1982 constitutional amendment No. 1 and cannot be reconciled or harmonized with it. To the extent they are inconsistent, the constitutional provision prevails.
 2. Assessors should disregard the special treatment statutes cited in the opinion request and instead arrive at the actual value for assessment by consideration of the constitutionally required approaches to value. You advise me in your request that the assessors disregarded these special treatment statutes in making their valuations for tax year 1983. Therefore, it will not be necessary for the assessors to make adjustments if the valuations were made pursuant to 1982 constitutional amendment No. 1.
 3. The legislature could repeal the special treatment statutes but has failed to do so. H.B. 1044 and H.B. 1041, which would have repealed many of the conflicting statutes, were not enacted. While repeal of the special treatment statutes would have provided guidance to the taxing authorities and would have removed the conflicting statutes from the books, the fact remains that the statutes in question have already been repealed by the electorate when it adopted the constitutional amendment. The fact that the general assembly has not acted to remove the statutes does not make the special treatment statutes any less invalid. They have been repealed by implication.
ANALYSIS
1982 constitutional amendment No. 1, which was adopted by the electorate, changed Colo. Const. art X, § 3 to read, in part, as follows:
 (1)(a) Each property tax levy shall be uniform upon all real and personal property not exempt from taxation under this article located within the territorial limits of the authority levying the tax. The actual value of all real and personal property not exempt from taxation under this article shall be determined under general laws, which shall prescribe such methods and regulations as shall secure just and equalized valuations for assessments of all real and personal property not exempt from taxation under this article. Valuations for assessments shall be based on appraisals by assessing officers to determine the actual value of property in accordance with provisions of law, which laws shall provide that actual value be determined by appropriate consideration of cost approach, market approach, and income approach to appraisal. However, the actual value of residential real property shall be determined solely by consideration of cost approach and market approach to appraisal; and, however, the actual value of agricultural lands, as defined by law, shall be determined solely by consideration of the earning or productive capacity of such lands capitalized at a rate as prescribed by law.
 (b) Residential real property, which shall include all residential dwelling units and the land . . . shall be valued for assessment at twenty-one percent of its actual value. . . . All other taxable property shall be valued for assessment at twenty-nine percent of its actual value. However, the valuation for assessment for producing mines . . . and lands or leaseholds producing oil and gas . . . shall be a portion of the actual annual or actual average annual production therefrom, based upon the value of the unprocessed material, according to procedures prescribed by law for different types of minerals.
Significantly, this amendment provides specific percentages to be applied in the assessment of property. Perhaps more significantly, however, it also provides that each property tax levy shall be uniform and that the actual value of all
real and personal property shall be determined under general laws which shall secure just and equalized valuations for assessments. The amendment further provides that all valuations shall be determined by consideration of the cost and market approaches to value as to residential real property and the cost, market, and income approaches to value of all other real and personal property except agricultural lands, producing mines, and lands or leaseholds producing oil or gas. Clearly, a strong argument set forth in support of the 1982 amendment by the Colorado Legislative Council was that it would be a major step in achieving uniformity in the determination of the actual value of property for tax purposes. Research Publication No. 269, 1982, "An analysis of 1982 Ballot Proposals," at 6. A major argument presented against the amendment was that it
 would not permit the General Assembly to adjust assessments for specific classes of property. For example, the actual value of land utilized for open space residential purposes, up to 34 acres, is less than that for other classes of nonagricultural land. The provision of the amendment requiring that residential property be valued in accordance with market and cost approaches probably would mean that such special treatment would not be permissible. In addition, the statutes now provide for reduced valuation for assessment or special provisions with regard to determining actual value for the following classes of property: property used in the production of gasohol, works of art, rehabilitation of certain older residential property, renovation of certain older commercial buildings that are part of a public redevelopment project, and property utilized in developing alternate energy sources.
Id. at 9.
While the content of publication No. 269 is not controlling, the arguments for and against the amendment cannot be overlooked since this publication was made available to the electorate prior to voting on the amendment. The publication set forth for the voters' consideration the arguments both for and against the amendment.
The statutes cited in the opinion request conflict with 1982 constitutional amendment No. 1 in either (or both) of two ways. Some statutes provide for an assessment rate different than that which is constitutionally required. Other statutes fail to require consideration of the constitutionally required approaches to determining value.
Into the first category fall the following statutes: C.R.S. 1973,39-1-104(1), (4), (13)(b), (14)(b), (15)(a)(I) (1982 repl. vol. 16B) and 39-3-112(6) (1982 repl. vol. 16B). These statutes provide an assessment rate different than that which is constitutionally required. Into the second category fall C.R.S. 1973, 37-87-116, 39-1-103(7), 39-1-104(4), (5), (6)(c),39-5-105(2)(a), (3), 39-6-111(2), 39-3-112(6). These statutes provide special treatment contrary to the approaches to determine value as required by 1982 constitutional amendment No. 1.
Upon the adoption or amendment of a constitution, statutes inconsistent with the new constitution or with the amendment become unconstitutional. State v. Wilson, 162 S.C. 413,161 S.E. 104 (1931); Martello v. SuperiorCourt, 202 Cal. 400, 261 P. 476 (1927).
 It is the general rule that a statute existing at the adoption of a state constitution cannot be upheld if it is opposed to the plain terms of the constitution. If there is a conflict between a statute and such a constitutional provision, the former must give way, since all statutes which are actually inconsistent with a new constitution are repealed by implication. . . . Similarly, an amendment of the constitution must be held to amend the existing statute law to agree with such amendment.
16 Am.Jur.2d Constitutional Law, § 16, p. 387.[1]
Furthermore, "The final test in determining whether a statute is repealed by implication by a constitutional provision is: Has the legislature, under the new constitutional provision, the present right to enact statutes substantially like the statutes in question?" Id. at 388-89. My answer to the above question is no. The legislature would be constitutionally prohibited from enacting the special treatment statutes set forth and discussed above. Therefore, the statutes have been repealed by implication and should not be followed.
SUMMARY
The statutes discussed above are to some extent in conflict with 1982 constitutional amendment No. 1 and cannot be reconciled with it. Those portions of the statute in conflict with the amendment have been repealed by implication and should not be followed by the assessors.
Very truly yours,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE CONSTITUTIONAL AMENDMENTS STATUTORY CONSTRUCTION
C.R.S. 1973, 39-1-104(1) C.R.S. 1973, 39-1-103(7) C.R.S. 1973, 39-1-104(5) C.R.S. 1973, 39-5-105(2)(a) C.R.S. 1973, 39-1-104(6) C.R.S. 1973, 39-5-105(3) C.R.S. 1973, 39-1-104(4) C.R.S. 1973, 39-3-112(6) C.R.S. 1973, 39-1-104(13) C.R.S. 1973, 39-1-104(14) C.R.S. 1973, 39-1-104(15) C.R.S. 1973, 37-87-116
C.R.S. 1973, 39-6-111(2) Colo. Const. art. X, § 3
AFFAIRS, LOCAL, DEPT. OF
Holding that a number of statutes providing for special treatment of property in determining valuation for assessment, other than by consideration of the income, market and cost approaches to value, and statutes providing a special rate of assessment were in conflict with Colo. Const. art. X, § 3, and had therefore been repealed by implication by the acts of the electorate when the electorate adopted 1982 constitutional amendment No. 1. Concluding that the assessors should follow the constitutional amendment provisions in the valuation of property for tax year 1983.
[1] It is recognized that repeals by implication are disfavored. Colorado State Board of Medical Examiners v.Jorgensen, 198 Colo. 275, 589 P.2d 869 (1979). However, where a subsequent enactment, such as amendment No. 1, cannot be harmonized with the statutes, the highest court of this state has not been hesitant in holding that repeal by implication applies.De'Sha v. Reed, 194 Colo. 367, 572 P.2d 821 (1977).