Shirley O. Harris Executive Director Department of Personnel 1313 Sherman St., #103 Denver, CO 80203 August 6, 1991
Dear Ms. Harris:
This opinion responds to your December 3, 1990 inquiry about the the State Personnel Director's authority regarding temporary appointments.
QUESTION PRESENTED AND CONCLUSION
Whether the Colorado Constitution gives the State Personnel Director exclusive authority regarding temporary appointments to positions which are not exempt from the state personnel system?
Yes.
ANALYSIS
Your question raises the issue of whether the Director's authority to make temporary appointments must be shared with the State Personnel Board.
The potential for the exercise of this authority jointly with the Board arises from the common constitutional origins of the Department of Personnel and the Board. Until 1971, the Civil Service Commission was charged with the responsibility for the process by which classified employees were appointed to positions. Effective July 1, 1971, the Civil Service Commission was abolished; in its place, the Department of Personneland the Personnel Board were created. See
1969 Colo. Sess. Laws 1252-1256; Colo. Const. art. XII, §§ 13-14 (1970); Colo. Const. art. XII, §§ 13-15 (1980).
The Department and the Board are "distinct entities with separate powers and responsibilities." Renteria v. Colorado StateDepartment of Personnel, 89SA460, May 20, 1991, slip opinion at p. 8; Colorado Association of Public Employeesv. Lamm, 677 P.2d 1350, 1355 (Colo. 1984); Spahn v.State Department of Personnel, 44 Colo. App. 446,615 P.2d 66, 68 (1980). The Department was created to administer the state personnel system. Colo. Const. art. XII, § 14(4) (1980). In fulfilling this responsibility, the Department Director may promulgate administrative procedures that are consistent with the constitution, statute, and Board rules. Section 24-50-101(3)(c), C.R.S. (1988); Lamm,supra. The separate functions of the Board and Director are elaborated in Colorado Association of PublicEmployees v. Department of Highways, #89SA366, slip op. at 9-12 (April 15, 1991). These procedures are generally subject to the rules promulgated by the Board. Colo. Const. art. XII, § 14(4); Lamm, supra. Even so, the Board has no authority to classify employment.Renteria, supra, at p. 11. This is also the case with respect to procedures relating to the making of temporary appointments.
Where two provisions arguably relate to the same subject matter, the more specific in nature controls. See De'Shav. Reed, 194 Colo. 367, 572 P.2d 821, 823 (1977). Here, the Board has been given generic rulemaking authority over the Director in article XII, § 14(4) of the Constitution. However, article XII, § 13(9) of the Constitution specifically provides:
 The state personnel director may authorize the temporary employment of persons, not to exceed six months, during which time an eligible list shall be provided for permanent positions. No other temporary or emergency employment shall be permitted under the personnel system.
In my view, the more specific provision of article XII, § 13(9) controls the more generic provision of article XII, § 14(4). The choice of language and structure of a constitutional provision is, after all, presumed to have been made with discrimination. White v. Anderson, 155 Colo. 291,394 P.2d 333, 336 (1964). The absence of any reference to the Board in article XII, § 13(9) reveals an intent to give the Director exclusive authority in matters pertaining to temporary appointments. If the people had intended otherwise, they would have used language similar to that employed in article XII, § 14(4) to subject the Director to the rules of the Board.See Thiret v. Kautzky, 792 P.2d 801, 806
(Colo. 1990). Constitutional provisions must be construed to give effect to the intent of the people who adopt them. Inre Interrogatories Propounded by Senate Concerning HouseBill 1078, 189 Colo. 1, 536 P.2d 308 (1975). In my view, subjecting temporary appointments to the rule making authority of the Board would undermine the specific and unambiguous grant of independent constitutional authority to the Director.
SUMMARY
The Personnel Director has been solely designated by article XII, § 13(9) to authorize temporary employment. The Director's authority to make temporary appointments is independent of the Board's rule making power.
Sincerely,
 GALE A. NORTON Attorney General
EMPLOYEES, PUBLIC APPOINTMENT PUBLIC OFFICERS
1969 Colo. Sess. Laws 1252-1256 § 24-50-101(3)(c), C.R.S. (1988) Colo. Const. art. XII, §§ 13-14 (1970) Colo. Const. art. XII, §§ 13-15 (1980) Colo. Const. art. XII, § 14(4) (1980) Colo. Const. art. XII, § 13(9)
PERSONNEL, DEPT. OF ADMINISTRATION
The Personnel Director is authorized to make temporary appointments independently of the Personnel Board.