**In re the Matter of the 2000–2001 DISTRICT GRAND JURY in and for the FIRST JUDICIAL DISTRICT, STATE OF COLORADO,**

**and Concerning the City of Black Hawk, Appellant.**

No. 00CA2081.

Colorado Court of Appeals, Div. II.

Feb. 13, 2003.

Certiorari Granted Oct. 6, 2003.

David J. Thomas, District Attorney, Dennis Hall, Senior Deputy District Attorney, Golden, Colorado.

Haddon, Morgan, Mueller, Jordan, Mackey & Foreman, P.C., Lee D. Foreman, Rachel A. Bellis, Denver, Colorado, for Appellant.

Opinion by Judge MARQUEZ.

Appellant, the City of Black Hawk, appeals the trial court's orders denying all pending motions and ordering the release of a grand jury report pursuant to § 16–5–205.5, C.R.S. 2002, by the 2000–2001 District Grand Jury in and for the First Judicial District. We affirm.

A grand jury was convened in the First Judicial District to look into allegations of illegality in connection with annexation procedures. The facts underlying this case are set forth in *In re 2000–2001 District Grand Jury*, 22 P.3d 922 (Colo.2001)(*Grand Jury I* ), and will not be extensively detailed here. No indictment was issued as a result of the grand jury investigation, but the grand jury elected to issue a report pursuant to § 16–5–205.5. Black Hawk acknowledges that it and other persons named in the report received a copy of the report in July 2000.

Black Hawk and others then filed various motions, including motions for discovery. In September 2000, the trial court issued an order addressing the statutory role of the presiding court regarding a grand jury report and denying suppression of the report, discovery requests, and other motions.

Black Hawk and others filed notices of appeal in this court, and one party filed a C.A.R. 21 petition in the supreme court, requesting suppression or expungement of the grand jury report.

The supreme court in *Grand Jury I, supra*, addressed two issues: the grand jury's authority to issue a report and the appropri-

ate role of the trial court regarding the public dissemination of that report. The supreme court rejected the request to suppress and determined that the grand jury had discretion to seek to release the report. It also held that the trial court's role in reviewing the grand jury proceedings is limited. The court must be satisfied that the grand jury and the prosecutor complied with § 16–5–205.5(4)(a) and (4)(b)(II)-(IV), C.R.S.2002. Further,

> Should the grand jury and district attorney meet these statutory requirements to the court's satisfaction, then the court accepts and files the report. At that point, the report becomes public. The statute does not authorize the court to inquire into the underlying facts that comprise the report, except to the extent that the court must determine that the certifications of the grand jury foreperson and prosecuting attorney are borne out by the report: specifically, that the report contains matters of public interest within the narrow definition of the statute.

*Grand Jury I, supra,* 22 P.3d at 926 (citation omitted).

The supreme court further stated that § 16–5–205.5 removes any inquiry into sufficiency of the evidence from the trial court and that the role of the trial court is to review the report independently to determine whether, on its face, the report satisfies the requirement that it concern matters of public interest, as defined by the statute.

Limiting its review to the report and attachments, the supreme court concluded that those documents support the trial court's finding that this grand jury report may be released. It found that the grand jury, the district attorney, and the trial court complied with the provisions of § 16–5–205.5 and that the plain language and legislative history of the statute allowed release of grand jury reports in precisely this situation. It declined to expand the court's limited role in review beyond what the General Assembly clearly intended. The court then remanded the case to the trial court for consideration of "any other pending matters before release of the report." *See Grand Jury I, supra,* 22 P.3d at 929.

This court remanded the case to the district court for a ruling on motions filed by Black Hawk after the September 2000 order. On remand, the trial court in September 2001 determined that the pending motions included Black Hawk's motions to quash based on three arguments: (1) the grand jury was improperly impaneled; (2) the grand jury did not have authority to issue the report; and (3) the grand jury was given improper instructions of law. After reviewing the parties' filings, the trial court denied the pending motions without a hearing, and the matter was recertified to this court.

As a threshold matter, Black Hawk now raises discovery issues that were previously denied in the trial court's September 2000 order and were not addressed by the supreme court. Because the district attorney does not object to Black Hawk's issues and the supreme court did not otherwise define the issues to be reviewed, we address all matters raised by Black Hawk.

I.

■ To resolve the issues before us, we must review § 16–5–205.5. When reviewing any statute, we must attempt to effectuate the intent of the General Assembly, and the plain language of the statute is the best indication of that intent. *See Grand Jury I, supra.*

II.

■ Black Hawk contends that the district court's failure to convene and select the district grand jury in accordance with the procedure mandated by § 13–74–101, et seq., C.R.S.2002, divests this grand jury of any jurisdiction to issue a report pursuant to § 16–5–205.5. We disagree.

The Colorado Constitution expressly delegates the power to regulate the grand jury to the General Assembly. Colo. Const. art. II, § 23; *Grand Jury I, supra.*

Section 16–5–205.5(4)(a) provides that the court is to examine the report and make an order accepting and filing it, if the court is satisfied that "[t]he grand jury and the prosecuting attorney were acting within the stat-

utory jurisdiction of such persons in convening the grand jury."

Section 13–74–101, C.R.S.2002, provides in relevant part that upon the district attorney's petition, the chief judge of a district court "shall, for good cause shown, order the impaneling of a judicial district grand jury which shall have judicial districtwide jurisdiction."

Section 13–74–103, C.R.S.2002, requires, in relevant part, that the state court administrator, upon receipt of the chief judge's order "shall prepare a list of prospective judicial district grand jurors," and the chief judge "shall impanel the judicial district grand jury from the list compiled by the state court administrator."

Here, the record reflects that the district attorney filed a motion to impanel the district grand jury and that the chief judge entered an order finding good cause and granting the motion. However, to use the court's resources more efficiently, predecessors to the present district attorney and chief judge had agreed to impanel a single district grand jury, which would also serve as the Gilpin County grand jury. According to the district attorney's brief, instead of issuing an order each year, the chief judge has given a standing order to the state court administrator to provide names for the district grand jury venire each year.

The chief judge explained the procedure as follows:

> In the First Judicial District, the State Court Administrator automatically prepares a list of grand jury panel members each year. Such list is furnished to the First Judicial District Jury Commissioner. The Jury Commissioner then summons jurors from the list furnished by the administrator to appear in court for grand jury selection. In this case, the Chief Judge impaneled the grand jury from the list compiled by the State Court Administrator. So the only way in which the Court did not follow the statute was in that the State Court Administrator was not sent a copy of the Chief Judge's Order. Since the Administrator automatically furnishes the list of prospective grand jurors, there

is no need for transporting the Court Order to the Administrator each year.

Black Hawk argues that § 13–74–101 does not authorize the court to adopt procedures used to impanel county grand juries when impaneling district grand juries. According to Black Hawk, the procedure used here improperly delegates authority to the administrator to prepare district grand jury lists before there has been an executive determination to seek impanelment, before a petition is submitted, before a court has determined good cause exists, and before the administrator receives notice of an order granting a specific impanelment petition. Allegedly, this improper delegation of authority violates the separation of powers provision of article III of the Colorado Constitution. We disagree.

The district attorney concedes that the procedure used does not precisely follow the sequence of events described in § 13–74–103. However, as the district attorney points out, other than the court's issuance of a standing order, rather than an annual order, Black Hawk identifies no manner in which impanelment proceedings in the First Judicial District depart from the procedures set forth in § 13–74–103.

The trial court did not find this variance "to be of any significance as to whether the grand jury and the prosecuting attorney were acting within the statutory jurisdiction in convening the grand jury." Further, it found no nexus between the failure to file the court order with the state court administrator and the grand jury's criticisms of Black Hawk and others.

Relying on § 13–71–140, C.R.S.2002, the trial court concluded that Black Hawk had failed to establish injury or prejudice as required by statute. This statute prohibits a court from declaring a mistrial or setting aside a verdict based upon alleged irregularities or defects in jury selection procedures, absent objection and demonstration of specific injury or prejudice.

While the grand jury reporting process under § 16–5–205.5 applies only where there is no indictment and the prosecuting attorney does not choose to file charges, we nev-

ertheless agree with the trial court's conclusion that Black Hawk has failed to assert any prejudice flowing from the manner in which the grand jury was impaneled. Procedural matters not specifically addressed by the provisions of § 13–74–101, et seq., are to be governed by other applicable Colorado statutes. Section 13–74–110, C.R.S.2002. Black Hawk does not allege that the composition of the grand jury would have been different but for the irregularities. At oral argument, Black Hawk's counsel conceded that the purpose of sending the chief judge's order to the state court administrator is to notify the administrator to prepare a list of grand jurors. Further, Black Hawk cites no authority that would allow it to go beyond questioning whether the procedural steps were followed.

We conclude that the steps taken substantially satisfied the required procedures in that the grand jury was impaneled from a list provided by the state court administrator. Therefore, Black Hawk suffered no prejudice.

### III.

■ Black Hawk further contends that the grand jury report statute does not prohibit discovery or disclosure of materials and information to a party protesting the impending release of a grand jury report based on a challenge to the grand jury's jurisdiction. We perceive no reversible error.

Black Hawk concedes that no provisions in § 16–5–205.5 authorize discovery of the grand jury proceedings in furtherance of the right to challenge the grand jury's report. Nor has Black Hawk pointed to any other statute providing such authority.

■ Although members of the public generally have a right of access to ministerial court records, that right is subject to the rule of grand jury secrecy. A ministerial record is one that generally relates to the procedural aspects of the impanelment and operation of the special grand jury. An instructive standard in categorizing a record as ministerial is whether the disclosed information would reveal the substance or essence of the grand jury's investigation or deliberations.

*In re Grand Jury Proceedings,* 813 F.Supp. 1451 (D.Colo.1992).

Here, Black Hawk sought discovery of motions, orders, correspondence, jury lists, instructions, and other information relating to the impanelment of the grand jury, as well as transcripts, exhibits, and other information before the grand jury. The trial court's September 2000 order denied that request, holding that § 16–5–205.5 does not provide for release of such information and that time-honored principles of grand jury secrecy remain in place.

Nevertheless, Black Hawk and others were provided copies of the district attorney's motion to impanel the district grand jury and the chief judge's order finding good cause and granting the motion to impanel. Additionally, Black Hawk concedes that it ultimately obtained some of the materials pertaining to jurisdictional matters from other sources, and it now seeks an answer because the question is likely to arise in future cases.

Black Hawk contends that the principles of grand jury secrecy favor disclosure. We are not persuaded.

■ Some of the justifications for grand jury secrecy favor nondisclosure, including insuring the utmost freedom to the grand jury in its deliberations, preventing subornation of perjury or tampering with witnesses who may testify before the grand jury, encouraging free and untrammeled disclosures by persons who have information, and protecting innocent persons from disclosure of the fact that they have been under investigation. *See Granbery v. District Court,* 187 Colo. 316, 531 P.2d 390 (1975); *Parlapiano v. District Court,* 176 Colo. 521, 491 P.2d 965 (1971).

In view of the lack of statutory authority and the foregoing principles pertaining to secrecy, the court properly denied Black Hawk's request.

Black Hawk also contends that it is entitled to discovery because the grand jury report statute protects the due process rights of persons and businesses named in a report by giving them the right to submit a response for public release with that report

and because discovery from the grand jury record would aid in preparing such a response. Again, we are not persuaded.

As the supreme court stated in *Grand Jury I*, the statute has a number of procedural safeguards protecting against careless issuance of reports. Section 16–5–205.5(4)–(5). Further, the supreme court held that the trial court, and thus appellate courts, are not to inquire "behind the report." While this holding does not address whether the named parties should be entitled to discovery as an aid in exercising their statutory right to respond, the supreme court's interpretation of the trial court's limited role necessarily limits its authority to allow discovery for any purpose.

In view of the lack of statutory authority and the policy favoring grand jury secrecy, open-ended discovery is not an option.

■ In Colorado, the rules of criminal procedure require that the proceedings of the grand jury shall be secret. The oath of secrecy continues until an indictment is made public or until a grand jury report dealing with the investigation is issued and made public as provided by law. *See* Crim. P. 6.2(a).

■ An indicted defendant is entitled to discovery of grand jury testimony of witnesses the district attorney intends to call at trial. *See Parlapiano v. District Court, supra; see also* Crim. P. 16(a)(1)(II) (requiring prosecuting attorney to provide defendant with all transcripts of grand jury testimony and all tangible evidence presented to the grand jury in connection with the case). However, even this disclosure to indicted defendants does not include access to everything that transpires before the grand jury. *See People v. District Court*, 199 Colo. 398, 610 P.2d 490 (1980).

Black Hawk relies on *In re Second Report of November 1968 Grand Jury*, 26 N.Y.2d 200, 309 N.Y.S.2d 297, 257 N.E.2d 859 (1970), in which the New York Court of Appeals analyzed a grand jury reporting statute and held that the evidence before the grand jury should have been made available. *See* N.Y.Crim. Proc. § 190.85.

However, as the supreme court noted in *Grand Jury I, supra,* the legislative history of the Colorado statute indicates that the General Assembly chose to limit the role of the trial court. Further, the procedural safeguards of the statute require that the trial court must be satisfied, inter alia, that the certifications of the grand jury foreperson and the prosecuting attorney are borne out by the report, including that the report contains matters of public interest within the narrow definition of the statute. *See Grand Jury I, supra.*

■ Because the power to regulate grand juries is expressly delegated to the General Assembly, *Grand Jury I, supra; de'Sha v. Reed,* 194 Colo. 367, 572 P.2d 821 (1977), the concerns raised here must be addressed to the General Assembly. *See de'Sha v. Reed, supra.*

■ Thus, we conclude that because the General Assembly did not provide in the statute for disclosure of grand jury proceedings and limited the court's role in reviewing grand jury reports, it intended that persons named respond only to the information contained in the report.

We also reject Black Hawk's contention that the court should have held a hearing to determine whether Black Hawk had shown a particularized need for its requested access to the grand jury record.

Black Hawk cites only the traditional rules of grand jury secrecy as set forth in *Parlapiano, supra.* Thus, it asserts that escape, witness tampering, and interference with grand jury deliberations are not at issue. However, it cites no statutory or other authority for such disclosure.

For the reasons set forth above, we conclude that such discovery is not authorized.

## IV.

Finally, we also reject Black Hawk's contention that the grand jury report must be quashed because it is the product of incomplete and misleading instructions. Specifically, Black Hawk asserts that the preponderance of the evidence and public interest instructions were inadequate.

The duty to instruct the grand jury correctly on legal issues falls to the district attorney. Section 20–1–106, C.R.S.2002; *People ex rel. Lindsley v. District Court*, 29 Colo. 5, 66 P. 896 (1901).

Here, the district attorney informed the grand jury that to prove something by a preponderance of the evidence means to prove that it is more probably true than not. Black Hawk concedes that this is not an incorrect statement of the basic legal concept. Although further explanation could have been provided, the instruction here sufficed.

■ Black Hawk also asserts that the district attorney did not instruct the grand jury that the presumptions and inferences described to them as applicable to a probable cause determination do not apply when findings must be based on the preponderance of the evidence. However, Black Hawk cites no authority requiring such an instruction, and we are not aware of any.

■ The trial court found that the grand jury received proper instructions to guide its certification that its report implicated misuse or misapplication of public funds and misfeasance or malfeasance with regard to a governmental function.

Black Hawk, however, asserts error in giving the grand jury the following instruction from the Colorado Code of Ethics, § 24–18–103(1), C.R.S.2002:

> The holding of public office or employment is a public trust, created by the confidence which the electorate reposes in the integrity of public officers, members of the general assembly, local government officials, and employees. A public officer, member of the general assembly, local government official, or employee shall carry out his duties for the benefit of the people of the state.

Black Hawk asserts that the public trust provision was not implicated by the grand jury's investigation and that the grand jury was misled to believe that the conduct of Black Hawk's officials could be characterized as a breach of the public trust. According to Black Hawk, this was the basis for the grand jury's certification that its report addresses matters of public interest. In view of the grand jury's investigation of official conduct of Black Hawk, *see Grand Jury I, supra*, and the lack of other statutory guidance, we perceive no error.

Section 16–5–205.5(1) provides that a grand jury report will be accompanied by certification that the grand jury has determined that release of the report is in the public interest. Section 16–5–205.5(5) provides the criteria for a report deemed to be in the "public interest," and that statute in turn refers to other statutes for definitions. Thus, to make its certification, the grand jury is guided by § 16–5–205.5(5).

■ Further, by its review, the trial court measures the certification of the grand jury foreperson and the prosecuting attorney against the facts contained in the report. *See Grand Jury I, supra.* Upon review of the report and attachments, we are satisfied that the certification was appropriate.

Thus, Black Hawk's arguments as to the sufficiency of the district attorney's instructions to the grand jury were properly rejected.

The orders are affirmed.

Judge NEY and Judge STERNBERG * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.