*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 9, 2015                    519090
_____

In the Matter of PAUL W.
    MOSSMAN, as Commissioner of
    Social Services of Columbia
    County,
                    Respondent,

        v

COUNTY OF COLUMBIA,
                    Appellant.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of PAUL W.
    MOSSMAN, as Commissioner of
    Social Services of Columbia
    County,
                    Respondent,

        v

COUNTY OF COLUMBIA,
                    Appellant.

(Proceeding No. 2.)
_____


Calendar Date:   February 20, 2015

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


        David E. Woodin, LLC, Catskill (David W. Woodin of
counsel), for appellant.

        William J. Better, PC, Kinderhook (N. Daniel Reeder of
counsel), for respondent.

                    _____

Devine, J.

Appeals (1) from a judgment of the Supreme Court (Zwack, J.), entered December 27, 2013 in Columbia County, which granted petitioner's application, in combined proceeding No. 1 pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, annul respondent's determination that petitioner was not entitled to a legal defense pursuant to Public Officers Law § 18 in connection with a certain grand jury proceeding, and (2) from a judgment of said court, entered April 29, 2014 in Columbia County, which granted petitioner's application, in combined proceeding No. 2 pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, direct respondent to provide such a legal defense in connection with a subsequent grand jury proceeding.

In March 2013, the Columbia County District Attorney issued a subpoena demanding that petitioner appear before a grand jury with various documents related to the official actions of Columbia County Department of Social Services employees. Petitioner thereafter sought to retain outside counsel and requested that respondent indemnify him pursuant to Public Officers Law § 18 and Columbia County Code § 36-1. Respondent declined to do so, asserting that those provisions did not apply to "potential criminal matters." Petitioner commenced a combined CPLR article 78 proceeding and declaratory judgment action (proceeding No. 1) to challenge the determination and obtain a declaration that respondent was obliged to indemnify him for his legal expenses. Supreme Court granted that relief in a December 2013 judgment.

The Columbia County District Attorney served a similar subpoena in March 2014 and, after respondent again refused to indemnify petitioner for his legal expenses, he commenced a second combined CPLR article 78 proceeding and declaratory judgment action (proceeding No. 2). Supreme Court, relying upon its rationale in proceeding No. 1, issued a judgment in April 2014 that granted the petition. Respondent now appeals from both the December 2013 and April 2014 judgments.

As respondent has adopted Public Officers Law § 18, it is obliged to "provide for the defense of [an] employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his [or her] public employment or duties" (Public Officers Law § 18 [3] [a]). Moreover, because a conflict of interest prevented the Columbia County Attorney from representing petitioner, petitioner was entitled to representation "by private counsel of his choice" (Public Officers Law § 18 [3] [b]; see County Law § 501 [2]). Petitioner satisfied the notice requirements of Public Officers Law § 18 and is an employee of respondent, and the subpoenas clearly stem from actions undertaken in the course of his public duties. Respondent contends, however, that the grand jury proceeding did not constitute a "civil action or proceeding" for the purposes of Public Officers Law § 18.

We disagree and affirm. Respondent failed to demonstrate what the object of the grand jury proceeding was, readily admitting that the District Attorney had not made his "intentions [known] in relation to the potential for criminal charges." While grand juries may indict a person for a criminal offense (see CPL 1.20 [18]; 190.60 [1]), they are also empowered "to make presentments as to noncriminal misconduct or neglect by public officers and employees" (Matter of Report of 1966 Oct. Monroe County Grand Jury, 27 AD2d 980, 980 [1967]; see CPL 190.05, 190.55 [1]; 190.60 [5]; 190.85 [1]; Matter of Grand Jury of County of Erie, Second Report, Nov., 26 NY2d 200, 203-204 [1970]).[1] Thus, because there is no indication that criminal

_____

[1] Respondent points out that the subpoenas at issue seek information regarding "all of [petitioner's] employees and subordinates," and claims that those individuals could not be the target of a grand jury report such as to entitle them to a defense under Public Officers Law § 18. Contrary to respondent's contention, the statutory power to report on the noncriminal misconduct of any public servant bears no connection to the separate constitutional right of a grand jury to investigate and indict public officers (compare CPL 190.85 [1], Penal Law § 10.00 [15], and Matter of Grand Jury of County of Erie, Second Report,

charges are actually being contemplated, Supreme Court properly "reject[ed] respondent's claim that because the [g]rand [j]ury proceeding[s] could have resulted in criminal charges against petitioner, the proceeding[s] [were] not civil in nature" (<u>Matter of Hunt v Hamilton County</u>, 235 AD2d 758, 760 [1997]).  "Any other holding would defeat the clear intent of the statute, which insulates public employees from litigation expenses arising out of their employment" (<u>Matter of Hogue v Zoning Bd. of Appeals of Vil. of Canajoharie</u>, 239 AD2d 807, 808 [1997] [citation omitted]).

Respondent's remaining contentions, to the extent they are properly before us, have been examined and found to be lacking in merit.

Lahtinen, J.P., Garry and Rose, JJ., concur.

ORDERED that the judgments are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

_____

Nov., 26 NY2d at 203-204, <u>with</u> NY Const, art I, § 6, <u>and</u> <u>Matter of Wood v Hughes</u>, 9 NY2d 144, 153-154 [1961]).